## PACE v. STATE OF INDIANA.

[No. 30,830. Filed March 20, 1967.]

Charles H. Wills, of South Bend, for appellant.

John J. Dillon, Attorney General, and Murray West, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a jury finding and judgment of conviction of the defendant for the crime of accessory before the fact of robbery by placing in fear.

The defendant was charged by an affidavit filed in the St. Joseph Superior Court No. 2, May 26, 1964, with the crime of Accessory Before the Fact to Robbery by Putting in Fear, to-wit:

"Arthur Madaras, being first duly sworn upon his oath, deposes and says:

"That on or about the 23rd day of May, 1964, at and in the County of St. Joseph, State of Indiana, one William Eugene Rootes did then and there unlawfully, feloniously and forcibly and by putting Richard Leon Reppert in fear, rob, take and steal from the said Richard Leon Reppert Two ($2.00) Dollars in good and lawful currency of the United States of America, belonging to the said Richard Leon Reppert, and one Benrus wrist watch with gold band valued in the sum of Fifty ($50.00) Dollars belonging to the said Richard Leon Reppert, and the said Carl Lemual Pace, Jr., at and in the County and State aforesaid, did then and there unlawfully and feloniously aid and abet, counsel and encourage the said William Eugene Rootes to do and commit the said felony in the manner and form aforesaid, contrary to the form of Statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The appellant waived arraignment and entered a plea of not guilty and was represented by court appointed public defender. Trial was to a jury. At the close of State's evidence, defendant filed written motion for directed verdict which was overruled. The jury rendered its verdict against the defendant and found him guilty as charged.

Thereafter on April 6, 1964 the court sentenced the defendant to the Indiana Reformatory for a period of not less than

ten (10) or more than twenty-five (25) years. On April 23, 1965 a motion for new trial was filed which was overruled by the trial court. In the assignment of errors, the principal point urged is that the verdict of the jury is not sustained by sufficient evidence and the verdict of the jury is contrary to law. We are of the opinion that the principal ground for reversal presented by the assignment of errors which questions the sufficiency of the evidence to sustain the jury's finding of guilty is determinative of this case.

Viewing the evidence most favorable to the State, the record shows the following: appellant, his wife and two infant children were in a car driving from South Bend to LaPorte. Eugene Rootes was riding with them. The appellant was driving with his wife and one child in the front seat. Rootes and appellant's other child were in the back seat. While in South Bend, appellant after asking his wife for permission stopped to pick up a hitchhiker, Mr. Reppert, who sat next to Rootes in the back seat with one of appellant's infant children. Later Rootes pulled a knife and took Reppert's wallet. After driving further, Reppert got out of the car, Rootes then took his watch. The appellant said nothing during the entire period and they continued driving to LaPorte. This is all of the evidence presented by the record which would have any bearing on the crime charged, i.e., accessory before the fact of robbery by placing in fear.

The main question presented in the facts at bar is what evidence beyond the mere presence of a person at the scene of a crime is sufficient to sustain a connection as an accessory before the fact? This court has previously stated that negative acquiescence is not enough to constitute a person guilty of aiding and abetting the commission of a crime. *Mattinly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721. Consequently, this court has always looked for affirmative conduct either in the form of acts or words from which reasonable inferences of a common design or purpose to effect

the commission of a crime might be drawn. See *Sage* v. *State* (1890), 127 Ind. 15, 30, 26 N. E. 667; *Peats* v. *State* (1938), 213 Ind. 560, 574, 12 N. E. 2d 270. However, it has been further stated by this court in *Mobley* v. *State* (1949), 227 Ind. 335, 343, 85 N. E. 2d 489:

> ". . . in the absence of anything in his conduct showing a design to encourage, incite, aid, abet or assist in the crime, the trier of the facts may consider failure of such person to oppose the commission of the crime in connection with other circumstances and conclude therefrom that he assented to the commission of the crime, lent his countenance and approval thereto and thereby aided and abetted it . . ."

It should be noted that the court in *Mobley, supra,* in stating that a failure to oppose the commission of a crime may be considered as aiding and abetting, impliedly qualified this statement wherein the Court stated at p. 343:

> "This, it seems to us, is particularly true when the person who fails to interfere owes a duty to protect as a parent owes to a child."

In other cases relying on *Mobley, supra,* there has normally been some course of conduct of an affirmative nature to connect the defendant with the crime. See *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158 (principal not abetting).

In the facts at bar we have found no evidence or reasonable inferences therefrom which might demonstrate that the appellant aided and abetted in the alleged crime. While he was driving the car, nothing was said nor did he act in any manner to indicate his approval or countenance of the robbery. While there is evidence from which a jury might reasonably infer that he knew the crime was being committed, his situation was not one which would demonstrate a duty to oppose it. *Mobley, supra,* p. 343. We do not intend to draw any hard and fast rules in this area of the law. Each case must be reviewed on its own facts; in so doing we hold that the verdict is not sustained by substantial evidence of probative value and is therefore contrary to law.

We hold that the appellant's' (defendant) motion for a directed verdict should have been sustained by the trial court. Now, therefore, the judgment of the trial court should be reversed.

Judgment reversed.

NOTE.—Reported in 224 N. E. 2d 312.