MORRIS E. DOZIER *v.* STATE OF INDIANA.

[No. 373S46.  Filed March 23, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Bruce H. Klang,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted as an accessory before the fact[1] to murder in the second degree.[2] He was sentenced to imprisonment for an indeterminate term of not less than fifteen (15) nor more than twenty-five (25) years. The sole issue raised on appeal is the sufficiency of the evidence, the defendant contending that scrutiny will reveal that the defendant was convicted upon less evidence of participation than was present in *Pace* v. *State,* (1967) 248 Ind. 146, 224 N.E.2d 312, where we reversed an accessory conviction for want of evidence.

On appeal, we do not reweigh the evidence or the credibility of witnesses. If the evidence supportive of the verdict, and reasonable inferences to be drawn therefrom, would permit a reasonable trier of fact to infer the existence of each element of the crime beyond

---

1. Accessory before the fact.—Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or information, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal. [Ind. Code § 35-1-29-1; Burns § 9-102; Acts 1905, ch. 169, § 224, p. 584; 1974, P.L. 143, § 17, p. 604.]

2. Murder—Second degree.—Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen (15) nor more than twenty-five (25) years. [Ind. Code § 35-1-54-1; Burns § 10-3404; (Acts 1905) ch. 169, § 350, p. 584; 1969, ch. 95, § 1, p. 214.]

a reasonable doubt, the verdict will not be disturbed. *Birkla* v. *State*, (1975) 263 Ind. 37, 323 N.E.2d 645; *Foster* v. *State*, (1974) 262 Ind. 567, 320 N.E.2d 745; *Jethroe* v. *State*, (1974) 262 Ind. 505, 319 N.E.2d 133; *Kimble* v. *State*, (1974) 262 Ind. 522, 319 N.E.2d 140.

> " 'There can be no doubt of the general rule of law, that a person engaged in the commission of an unlawful act is legally responsible for all the consequences which may naturally or necessarily flow from it, and that, if he combines and confederates with others to accomplish an illegal purpose, he is liable criminaliter for everything done by his confederates which follows incidentally in the execution of the common design, as one of its probable and natural consequences, even though it was not intended as a part of the original design or common plan. . . . * * *' " *Breaz* v. *State*, (1938) 214 Ind. 31, 34-35, 13 N.E.2d 952; followed in *White* v. *State*, (1941) 219 Ind. 290, 37 N.E.2d 937.

The defendant contends that the foregoing quoted principle was modified by our statement in *Pace* v. *State, supra,* as follows:

> "* * * We do not intend to draw any hard and fast rules in this area of the law. Each case must be reviewed on its own facts; * * *." 248 Ind. 146 at 149.

We fail to see any modification. In *Pace,* we found no evidence or reasonable inferences demonstrating that the defendant aided and abetted in the crime, notwithstanding that he was driving the vehicle at the time and in which the crime was committed; and we were merely saying that each sufficiency challenge must be decided upon its own evidence.

Very little of the evidence in this case is disputed. It reveals that the defendant, pursuant to an agreement with Ralph Williams and Charles Frith, rented an automobile and drove his cohorts from Indianapolis to Anderson, parked the vehicle around the corner from a pawnshop and entered the shop alone, where he remained for fifteen or twenty minutes, talked to the owner and then left. After he departed, Williams

and Frith entered the shop carrying a sawed-off shotgun, walked to the back of the shop, shot the owner in the head and killed him, removed a black box from the vault and ran to the automobile, where the defendant was waiting with the engine running. The three departed in the automobile and were arrested a few minutes later by a police officer who had been alerted.

Malice may be shown by evidence that the defendant deliberately used a deadly weapon in such a way as likely to produce death, *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686; and in such a case, the purpose to kill may be inferred from the act of killing. *Taylor* v. *State*, (1973) 260 Ind. 264, 295 N.E.2d 600.

An accessory is liable for the acts of a principal although he did not personally participate in them. *Burton* v. *State*, (1973) 260 Ind. 94, 292 N.E.2d 790; *Cline et al.* v. *State*, (1969) 253 Ind. 264, 252 N.E.2d 793.

In view of these principles, the jury was warranted in finding from the foregoing recited evidence that Frith or Williams killed the shop owner with the intent and malice requisite to second degree murder. They were further warranted in inferring that the defendant was an accessory to the armed robbery committed by the others and hence an accessory to the murder.

This opinion could be ended at this point. However, to assure the defendant's recognition that the argument presented by his reply brief has not been overlooked, we shall continue. He admits to having been involved in criminal activity with Williams and Frith, but he contends that his liability does not extend to the murder, because the criminal activity in which he participated was not one from which the murder was a probable or a natural consequence.

The defendant testified that he went to Anderson with the others for the purpose of shoplifting and that he entered

the shop to determine if any valuable merchandise was readily accessible. Finding that the merchandise was not susceptible to being easily shoplifted, he started to return to the automobile to so advise the others. As he started to leave the shop, Williams and Frith entered, and he observed for the first time that they were armed. The defendant testified that at this point he decided that he had been tricked by his companions, and that he started to leave, intending to abandon them, but at that moment they shot the shop owner. He continued that he had difficulty starting the automobile and lost some additional time in maneuvering the vehicle out of its parking place. In the meantime, according to his testimony, the others caught up with him and forced him to drive them away.

There are a number of reasons why the jury apparently did not believe the defendant's story that he had never agreed, intended nor expected to participate in an armed offense. Considering the size and nature of the weapon, it is unlikely that the defendant would have been unaware of its possession by his companions. A store employee who was present during the entire incident testified that the defendant had been gone from the store for some ten or fifteen minutes before the others entered. Other witnesses saw Williams and Frith flee from the store, but they did not see the defendant at that time. Another witness saw the defendant waiting in the parked car with the engine running and testified that he did not have to maneuver the car out of the parking space. When stopped by the arresting officer, the defendant stated that he had been on his way to Fort Wayne to visit his sister when the others, who by this time had jumped from the automobile and fled on foot, put a gun to his head and ordered him to drive them south. Such speculation, however, serves no useful purpose. The State's evidence was sufficient. As in an alibi defense, the jury was not required to believe the defendant's story or any portion of it.

We find no error.  The judgment is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 343 N.E.2d 783.