Andrew W. PINE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 679S147.

Supreme Court of Indiana.

Sept. 4, 1980.

Calbert & Bremer, Robert J. Bremer,
Greencastle, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

In a jury trial, Defendant (Appellant), William Andrew Pine, Jr., a/k/a Andrew W. Pine, was convicted of Escape, a Class D Felony, Ind.Code § 35–44–3–5 (Burns 1979), for which he was sentenced to two (2) years imprisonment, and Kidnapping with Intent to Aid in the Escape of Any Person from Lawful Detention, a Class A Felony, Ind. Code § 35–42–3–2(a)(3), for which he was sentenced to forty (40) years imprisonment. This direct appeal from those convictions presents the following issues:

1) Whether the trial court erred in denying the defendant's motions for a change of venue.

2) Whether the trial court erred in instructing the jury upon the defense of "duress" in accordance with the statutory provision pertaining to the defense.

3) Whether the evidence was sufficient to sustain either of the convictions.

4) Whether the trial court erred in denying the defendant's motion for a new trial based upon newly discovered evidence.

5) Whether the sentence imposed pursuant to the Kidnapping conviction was excessive.

On September 1, 1978, the defendant and Leslie A. Smith escaped from the Indiana State Farm, a medium security penal institution located in Putnam County. The escape was effected by means of a pass procured by the defendant and an automobile driven by Smith's girlfriend. The automobile was stopped by Indiana State Police Trooper Rice on an entry ramp to Interstate 70. Trooper Rice was subsequently assisted by Trooper Fields. During the course of the apprehension, Smith seized Trooper Field's pistol, thereby gaining control of the situation. Smith then gave Trooper Rice's pistol to the defendant and ordered the Troopers into the trunk of one of the police vehicles. At that time, Trooper Rairdon arrived at the scene and attempted to persuade the inmates to surrender. They refused, and Trooper Rairdon

drew a theretofore concealed pistol and ordered the inmates to surrender. Smith's response was to leap toward the trunk in which the other two Troopers were imprisoned and to aim his pistol at them. Two shots were then fired, one by Smith and one by Trooper Rairdon. Both Smith and Trooper Fields were wounded as a consequence of the shooting.

\* \* \* \* \* \*

## ISSUE I

The defendant contends that he did not and could not receive a fair and impartial trial in Putnam County because of the excitement and prejudice engendered therein by the incident at issue. The defendant claims that the jury which tried and convicted him was unduly prejudiced against him both by local adverse publicity and by friendship for the State Troopers. In support of his position, the defendant cites the decisions in *Irvin v. Dowd*, (1961) 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 and *Baniszewski v. State*, (1970) 256 Ind. 1, 261 N.E.2d 359.

The factual settings of *Irvin* and *Baniszewski* are readily distinguishable from the situation now before us. The adverse publicity in those cases amounted to journalistic sensationalism, whereas the new accounts in this case, though relatively numerous, were mere factual reports and not of an inflammatory nature. Further, assuming *arguendo* that all potential jurors in Putnam County had preconceived notions as to the defendant's guilt or innocence, the defendant's burden was not thereby satisfied. He was also required to show that the jurors were unable to set aside those notions and render a verdict based upon the evidence adduced at trial. *Irvin*, 366 U.S. at 723, 81 S.Ct. at 1642–43, 6 L.Ed.2d at 756. We have no way of determining whether that burden was met in this case because no transcript of the voir dire examination was included with the record of the proceedings. Instead, we are urged to rely upon the defendant's affidavit that six (6) of the forty-one (41) potential jurors were excused because they had formed opinions as to the defendant's guilt and that all twelve (12)

jurors had heard and/or read reports of the incident at bar. Assuming these allegations to be true, we are nevertheless not persuaded that the jury was so prejudiced against the defendant as to be unable to render a verdict in accordance with the evidence. Furthermore, there is no showing that the defendant exhausted his peremptory challenges in an effort to secure juror impartiality. *Grooms v. State*, (1978) Ind., 379 N.E.2d 458, *cert. denied*, (1979) 439 U.S. 1131, 99 S.Ct. 1053, 59 L.Ed.2d 93; *McFarland v. State*, (1975) 263 Ind. 657, 336 N.E.2d 824. For these reasons, the trial court did not err in denying the defendant's motions for a change of venue.

## ISSUE II

The defendant asserts that Ind.Code § 35-41-3-8 (Burns 1979), providing for the defense of duress, is unconstitutional in that the limitations therein are a deprivation of equal protection and due process and that the trial court erred in giving the jury an instruction which embodied the statute. The statute provides:

(a) It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person. With respect to offenses other than felonies, it is a defense that the person who engaged in the prohibited conduct was compelled to do so by force or threat of force. Compulsion under this section exists only if the force, threat, or circumstances are such as would render a person of reasonable firmness incapable of resisting the pressure.

(b) This section does not apply to a person who: (1) Recklessly, knowingly, or intentionally placed himself in a situation in which it was foreseeable that he would be subjected to duress; or (2) Committed an offense against the person as defined in IC 35-42 [35-42-1-1—35-42-5-1].

■ The defendant urges that the statute arbitrarily denies the defense of duress to one who has committed an offense against the person as defined in Ind.Code 35-42. Specifically, he contends that the trial court erred in giving Final Instruction # 12, which recites the statute virtually verbatim. However, the record reveals that the defendant tendered an instruction substantially the same as the one now questioned; hence, he is in no position to complain in this regard. His at-trial objection that the "tendered instruction more fairly stated the law consistent with the constitution" does not appear, to us, to be correct. Additionally, the defendant's claim that the statute has constitutional infirmities was not presented to the trial court. Error may not be presented for the first time on appeal. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237; *Bell v. State*, (1977) 267 Ind. 1, 366 N.E.2d 1156, Neither is the defendant's contention upon this issue supported in his brief by cogent argument or citation of authority as required by Ind.R.App.P. 8.3(A)(7).

## ISSUE III

■ Essentially, the defendant's sufficiency argument, in reference to the Escape conviction, is that no proof was adduced at trial that the entry ramp to Interstate 70 is without the confines of the Indiana State Farm. The argument is ludicrous, as by no stretch of the imagination can an interstate public highway be viewed as part and parcel of a state penal institution.

■ In reference to the sufficiency of the evidence pertaining to the Kidnapping conviction, we initially note that the elements of the crime charged are:

1) knowingly or intentionally
2) confining
3) another person
4) with intent to aid in the escape of any person from lawful detention.

Ind.Code § 35-42-3-2(a)(3) (Burns 1979)

The defendant contends that the evidence of Kidnapping was insufficient for three reasons: first that he was not acting "knowingly or intentionally" because his accomplice, Smith, was coercing him; second, that the Troopers were not "confined" because the trunk lid was never actually latched; and third, that there was no escape because of the absence of evidence that the entry ramp to Interstate 70 is

without the confines of the Indiana State Farm. The three reasons are not persuasive.

When resolving a sufficiency question, we neither weigh the evidence, nor determine the credibility of witnesses. Rather, we examine only the evidence and the reasonable inferences therefrom which support the verdict, and if the evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime, beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831; *Dozier v. State*, (1976) 264 Ind. 329, 343 N.E.2d 783.

The defendant claims that it was unreasonable for the jury to conclude that he was acting with the requisite culpability. However, the only evidence that the defendant was not acting "knowingly or intentionally" came from the defendant himself. This the jury was not bound to accept for the remainder of the evidence pertaining to the defendant's culpability, amply supported a finding that he and Smith were acting in consort with one another and that the defendant did so "knowingly or intentionally."

■ The defendant also claims that it was unreasonable for the jury to conclude that Troopers Rice and Fields had been "confined" in the trunk of a police automobile. The defendant asserts that a "confinement" did not occur because the trunk lid was never latched. "Confine" is defined in Ind.Code § 35–42–3–1 (Burns 1979) as "to substantially interfere with the liberty of a person." In the case at bar, Troopers Rice and Fields were forced, at gunpoint, to place themselves in the trunk of an automobile. This represents a substantial interference with their liberty regardless of whether the trunk lid was latched. Accordingly, as the jury necessarily found, a "confinement" within the statutory meaning occurred.

The defendant's final sufficiency claim is the same as discussed hereinbefore in reference to the Escape conviction. We will not address it further.

## ISSUE IV

The defendant contends that the trial court erred in denying his motion for a new trial based upon newly discovered evidence. The motion was included within the defendant's motion to correct errors and was supported by the affidavits of two persons who. treated Officer Fields at a local hospital subsequent to the shooting. The affidavits, according to the defendant, show that Trooper Rairdon, not accomplice-Smith, shot Trooper Fields.

■ In order for a defendant to obtain a new trial based upon newly discovered evidence, he must show

" '(1) that the evidence has been discovered since the trial; (2) *that it is material and relevant*; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) *that it will probably produce a different result.*' " *Bryant v. State*, (1979) Ind., 385 N.E.2d 415, 421 (emphasis added) (quoting *Tungate ·v. State*, (1958) 238 Ind. 48, 54–55, 147 N.E.2d 232, 235–36) (Other citations omitted).

Applying these principles to the case at bar, we perceive no error in the trial court's denial of the new trial motion.

At trial, the jury's task was to decide whether the defendant escaped from prison and whether he kidnapped two state troopers; it was, and is, irrelevant whether Trooper Fields was shot by Trooper Rairdon, or by accomplice-Smith. For this reason, it is sheer speculation to say that the allegedly "newly discovered evidence" would probably produce a different result upon a retrial.

## ISSUE V

■ The defendant's final contention is that the sentence imposed pursuant to the Kidnapping conviction was excessive. We disagree.

A person convicted of Kidnapping, a Class A Felony, Ind.Code § 35–42–3–2 (Burns 1979), is subject to imprisonment "for a fixed term of thirty [30] years, with not more than twenty [20] years added for aggravating circumstances or not more than ten [10] years subtracted for mitigating circumstances." Ind.Code § 35–50–2–4 (Burns 1979). In this case, the defendant was sentenced to forty (40) years. Thus, it was incumbent upon the trial court to state its reasons for imposing a sentence in excess of the basic thirty (30) years. Ind.Code § 35–50–1A–3 (Burns 1979). The defendant claims that the trial court did not adequately set forth the reasons.

When sentencing the defendant, the trial court stated:

> And upon Count III of kidnapping for a period of forty years. The court finding that the aggravating circumstances outweigh the mitigating circumstances. I would like to say at this time, that this whole thing would never have been if you had not voluntarily walked Mr. Smith over the hill. I think you have a little bit of trouble in assimilating that fact that you, in effect, started this whole thing and as a result of that, all of these other things happened.
>
> (R. 470–71).

Although we find the sentencing statement somewhat terse, we interpret it to mean that because of the defendant's participation in the events at issue, two persons were seriously injured. Indeed, more than two persons could have been injured or killed. Thus, we cannot say that the statement failed to apprise us of the aggravating circumstances, *cf. Dailey v. State,* (1980) Ind., 406 N.E.2d 1172 (sentencing statement merely related no mitigating circumstances), or that the sentence was manifestly unreasonable. Ind.R.App.Rev.Sen. 2(1).

We find no reversible error, and the judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.