**John SAGE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1079S281.

Supreme Court of Indiana.

May 5, 1981.

Charles H. Scruggs, Kokomo, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of Rape, a Class A Felony, Ind.Code § 35–42–4–1 (Burns 1979), and Robbery, a Class B Felony, Ind.Code § 35–42–5–1 (Burns 1979). He was sentenced to a term of fifty (50) years imprisonment upon the Rape conviction and to a term of twenty (20) years imprisonment upon the Robbery conviction, said sentences to be served consecutively. This direct appeal presents the following issues:

(1) Whether the trial court erred in denying the defendant's motions for a change of venue;

(2) Whether the trial court erred in denying the defendant's motion for judgment on the evidence;

(3) Whether the evidence was sufficient to support the Rape conviction; and

(4) Whether the sentences were excessive and contrary to law.

\* \* \* \* \* \*

### ISSUE I

The defendant filed two motions for a change of venue from the county, and both were denied following full evidentiary hearings. The defendant concedes that the trial court's rulings were discretionary, but he contends that the court abused its discretion, in light of substantial pre-trial publicity of a prejudicial nature. In support thereof, he points to numerous newspaper articles and radio reports pertaining to the incident at bar. He also relies upon the additional publicity engendered by reason of his brother's having been concomitantly charged with other crimes which were not related to this case. Finally, the defendant submits that the motions should have been granted because of the nature of the charges against him.

We have reviewed the publication examples contained in the record and in the briefs and do not find them to be of a sensational nature. Cf. *Irvin v. Dowd*, (1961) 366 U.S. 717, 725, 81 S.Ct. 1639, 1644, 6 L.Ed.2d 751, 757 ("build-up of prejudice . . . clear and convincing"); *Baniszewski v. State*, (1970) 256 Ind. 1, 10, 261 N.E.2d 359, 363 ("prejudicial atmosphere prevailing before and during the trial"). In addition to showing adverse publicity, to be entitled to a change from the county, a defendant is required to show that the potential jurors were unable to set aside their preconceived notions of guilt and to render a verdict based upon the evidence. *Irvin*, 366 U.S. at 723, 81 S.Ct. at 1642–43, 6 L.Ed.2d at 756; *Pine v. State*, (1980) Ind., 408 N.E.2d 1271, 1272. As in the *Pine* case, we are at a loss to determine whether the latter requirement was met, because no transcript of the voir dire examination is contained in the record. There is, therefore, no basis for

concluding that the trial court erred in denying Defendant's motions.

### ISSUES II & III

The defendant next contends that the trial court erred in denying his motion for judgment on the evidence, said motion being made at the close of the State's case as well as at the close of the trial. On appeal, the contention is limited to the State's case on the Robbery charge.

The defendant also contends that the evidence adduced at trial was insufficient to support the Rape conviction. Because both contentions relate to the sufficiency of the evidence, we have grouped them for discussion.

The defendant first submits that the State did not prove, beyond a reasonable doubt, that any property was taken from the victim. He claims that the victim did not describe the property allegedly taken from her and that there was no showing of force at the actual time the alleged robbery occurred.

The defendant also submits that there was insufficient evidence of force to support the Rape conviction. In support of this contention, he points out that the "victim" sustained no physical injury, that the "rape" occurred in a living room with the lights burning, that the "victim's" request for a cigarette was honored, that the "victim" first reported the attack to her husband rather than to the police and that there was no proof that Defendant was armed with a deadly weapon at the time the "rape" occurred.

When resolving sufficiency questions, we neither weigh the evidence, nor determine the credibility of witnesses. Rather, we examine only the evidence and the reasonable inferences therefrom which support the verdict, and if such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime, beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831; *Dozier v. State*, (1976) 264 Ind. 329, 343 N.E.2d 783.

■ In this case, the victim was sleeping on her living room couch when at approximately 2:20 a. m., she was awakened by a knocking at the front door of her apartment. Believing that it was morning and that her fiance (now husband) had arrived to awaken her, the victim opened the door. Two (2) men, one of whom was wearing a mask, forced their way past her into the apartment. The unmasked man, subsequently identified as the defendant, pointed a gun at the victim's head, threatened her verbally and asked if anyone else was home. The victim responded that her daughter and another little girl were upstairs asleep. The masked man then stuck a knife to the victim's throat, verbally abused her and went upstairs.

When the masked man returned, he and the defendant led the victim into the kitchen. There, they searched the victim's purse and asked for money and drugs. Returning the victim to the living room, the assailants began gesturing obscenely and the masked man again stuck the knife against the victim's throat, while uttering profanities. The intruders then forced the victim onto the couch, removed a portion of her clothing and began to ravish her. The masked man penetrated her first, while the defendant held a gun to her head. Thereafter, the defendant raped her, while the masked man went off elsewhere in the apartment, and the defendant took whatever small amount of money was in the victim's purse.

When the masked man returned, both assailants again threatened her life and the lives of the two (2) children upstairs. They then left. The victim attempted to use the phone, but the wires had been cut. She then attempted to arouse her neighbors but failed. Ultimately, she awakened the two (2) children and drove to her fiance's place of employment. The group returned to the apartment, after summoning the police, who met them at the apartment. The police took the victim to a hospital where she was examined for the presence of sperm. The results were positive. These facts are sufficient to support a conviction of Rape and of Robbery.

## ISSUE IV

■ The defendant's final contention relates to sentencing. He contends that the sentences of fifty (50) years imprisonment upon the Rape conviction and twenty (20) years upon the Robbery conviction are excessive because the trial court did not set forth reasons in support thereof. Applying identical rationale, he claims that the imposition of consecutive, rather than concurrent, terms is manifestly unreasonable. We do not agree.

The penalties statute, Ind.Code § 35–50–2–4 (Burns 1979) provides for a base term of imprisonment of thirty (30) years for Class A felonies and further provides for increasing such term by not more than twenty (20) additional years, in the event aggravating circumstances are found to exist. The base sentence for Class B felonies is ten (10) years, and not more than ten (10) years may be added thereto for aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979).

When a trial court enhances a sentence, it must set forth its reasons therefor. Ind. Code § 35–50–1A–3 (Burns 1979). *See Page v. State*, (1980) Ind., 410 N.E.2d 1304. The defendant's contention that the trial court did not set forth those reasons is simply not borne out by the record. A supplemental record of the proceedings, containing a transcript of the sentencing hearing, was filed by the State in this case. That record contains the trial court's reasons in support of the enhanced sentences. They are 1) the prior felony record of the defendant, 2) the fact that the defendant was on probation when the crimes at bar transpired, and 3) the nature of the crimes. These reasons are sufficient to support not only the enhanced sentences, *see* Ind.Code § 35–50–1A–7 (Burns 1979), but also the imposition of consecutive terms. *See Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517. Accordingly, we can not say that the sentences are manifestly unreasonable. Ind.R.App.Rev. Sen. 2.

There being no error, the judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs and dissents with opinion.

DeBRULER, Justice, concurring and dissenting.

The crime of rape is a class A felony if committed with the use of a deadly weapon. Unlike rape, the crimes of robbery, burglary, and arson are class B felonies when committed with the use of a deadly weapon, and only ascend to the level of class A felony when bodily injury results to the victim by use of the weapon. Here the trial judge gave the maximum sentence of fifty years for rape, under circumstances where no bodily injury was inflicted upon the victim by the use of a deadly weapon. In the absence of findings of aggravating and extraordinary circumstances such as the existence of a prior record of convictions involving bodily injury to victims, or indicating that bodily injury by use of the weapon would have occurred in the instant case but for some interruption of the crime, the extreme upper range of the statutory term of imprisonment provided for rape should be reserved for those convicted of rape which results in bodily injury by the use of a deadly weapon. Here the findings are silent regarding the infliction of bodily injury upon victims of past crimes, and indeed the record shows two prior convictions, one for forgery and one for second degree burglary. Appellant's crime, while egregious, dangerous, and wholly outrageous, was not interrupted, but was of such a nature that it ran its tragic course without resulting in bodily injury through the use of the deadly weapons being wielded. Under these circumstances, I deem the findings of the trial judge of aggravating circumstances to be insufficient to support his meting out the very maximum possible sentence, and the sentence itself to be manifestly unreasonable. I would remand this case to the trial court with instructions to reduce the sentence.

By maintaining rational distinctions of this sort in the sentencing process, this Court can even add to the hoped-for protection which criminal statutes provide for potential victims.