**Daryl D. McREYNOLDS, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 882S316.

Supreme Court of Indiana.

March 20, 1984.

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Daryl D. McReynolds, was convicted of two counts of murder, a Class A felony, Ind.Code § 35–42–1–1(1) (Burns 1979 Repl.) and of three counts of attempted murder, a Class A felony, Ind. Code § 35–41–5–1 (Burns 1979 Repl.). The defendant received a sentence of 270 years. On this direct appeal, the defendant raised the following three issues:

1. Whether the trial court erred in denying the defendant's Motion for a Change of Venue;

2. Whether the trial court erred in allowing evidence seized in a search of the defendant's house to be admitted; and

3. Whether the trial court erred in sentencing the defendant to consecutive terms totaling 270 years.

The facts favorable to the State show that the defendant was a former employee of Crescent Plastics in Evansville. Crescent had fired the defendant and the defendant lost his union appeal of the dismissal. Apparently despondent over his unemployment and his financial situation, the defendant walked into Crescent Plastics on July 29, 1981, and opened fire with a sawed-off shotgun. The defendant killed two people and injured three others. The police arrived at the scene and shot the defendant several times as he attempted to flee.

## I.

This incident generated a substantial amount of publicity in the Evansville area. The record discloses there were at least twenty-four articles about the incident in Evansville's two daily and one Sunday newspaper. In addition, there were several accounts on radio and television. Because of this publicity, the defendant filed a Motion for Change of Venue. The trial court denied the motion, with its ruling made subject to voir dire examination of jurors and to any further media releases. The defendant now contends the denial of the motion deprived him of the opportunity for a fair trial.

A decision on a motion for change of venue is a matter properly within the trial court's discretion. Ind.R.Crim.P. 12. The burden rests with the movant to establish adverse publicity and that the jurors were unable to set aside their preconceived notions of guilt and render a verdict based upon evidence introduced at trial. *Irvin v. Dowd,* (1961) 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; *Sage v. State,* (1981) Ind., 419 N.E.2d 1286; *Pine v. State,* (1980) Ind., 408 N.E.2d 1271.

Although there was a substantial amount of pretrial publicity in this case, we do not feel the trial judge exceeded his discretion in denying the motion. The record of the voir dire examination reveals that considerable effort was made to obtain a fair and impartial jury. During voir dire, all those eventually serving as jurors stated they remembered hearing something about the incident. As stated in *Irvin v. Dowd,*

(1961) 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751:

"It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."

366 U.S. at 722–23, 81 S.Ct. at 1642–43, 6 L.Ed.2d at 756. Here, each juror selected stated either that he or she had no opinion on the guilt of the defendant or could set an opinion aside and reach a verdict based solely on the evidence introduced at trial. Therefore, it cannot be said that the trial court exceeded its discretion in denying the motion for a change of venue.

## II.

After the defendant's arrest the Evansville police obtained a search warrant for the defendant's house. The only item listed in the warrant was the sawed-off barrel of a double-barrel shotgun. During the search for the barrel the police found and confiscated a bag of marijuana seeds. No other warrant was issued for the marijuana seeds. The defendant contends the confiscation of these seeds without a warrant violated the Fourth Amendment of the federal Constitution and, thus, they should not have been admitted into evidence.

■■■ The Fourth Amendment protects citizens against unreasonable searches and seizures of persons, houses, papers, and effects by requiring a warrant based on probable cause. The warrant must describe with particularity the things that are to be seized. There are, however, certain narrowly drawn exceptions to the warrant requirement. Of importance here is the plain view doctrine, which stems from a plurality opinion in *Coolidge v. New Hampshire*, (1971) 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, and which permits the warrantless seizure by police of private possessions when the police satisfy three requirements. These *Coolidge* requirements were stated in *Texas v. Brown*, (1983) — U.S. ——, 103 S.Ct. 1535, 75 L.Ed.2d 502, the latest Supreme Court case on the doctrine:

"First, the police officer must lawfully make an 'initial intrusion' or otherwise properly be in a position from which he can view a particular area. Second, the officer must discover incriminating evidence 'inadvertently,' which is to say, he may not 'know in advance the location of [certain] evidence and intend to seize it,' relying on the plain view doctrine only as a pretext. Finally, it must be 'immediately apparent' to the police that the items they observe may be evidence of a crime, contraband, or otherwise subject to seizure."

— U.S. ——, 103 S.Ct. at 1540, 75 L.Ed.2d at 510 (citations omitted).

All of these requirements were met in this case. Here, the initial intrusion was pursuant to a valid search warrant. The Court in *Coolidge* in fact expressly recognized that this was a type of situation where the plain view doctrine would apply. Once lawfully within the defendant's house, the officer began to search for the shotgun barrel. In the course of his search the officer looked inside a cabinet located in a bedroom. Testimony showed that the cabinet was large enough to conceal the gun barrel. The officer then found the marijuana seeds, which were in a clear plastic bag. The discovery of the seeds was therefore inadvertent. The cabinet was not an unreasonable place to search, *see Wilson v. State*, (1975) 263 Ind. 469, 333 N.E.2d 755, and the discovery was made before the officer located the item

listed in the warrant. Thus the officer was not extending a valid search for a particular item into a general exploratory search, and there was no evidence indicating the police knew of the seeds prior to the search. The second *Coolidge* requirement was satisfied.

The third *Coolidge* requirement is that it be immediately apparent to the police that they have evidence before them. The Supreme Court in *Texas v. Brown* attempted to provide some guidance as to when the evidentiary value is immediately apparent, holding that the third requirement is met if the officer has probable cause to associate the property with criminal activity. This standard merely required:

"that the facts available to the officer would 'warrant a man of reasonable caution in the belief,' *Carroll v. United States,* 267 U.S. 132, 162, 69 L.Ed. 543, 45 S.Ct. 280 [288] (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required."

—— U.S. at ——, 103 S.Ct. at 1543, 75 L.Ed.2d at 514. In this case there is the problem of whether, under the third *Coolidge* requirement, the item seized must relate to the crime charged. Here, the item seized was marijuana seeds, but the defendant was charged with murder and attempted murder. Nevertheless, a reading of cases subsequent to *Coolidge* that have applied the plain view doctrine indicates that it is sufficient if the evidence relates to any crime, even if it is not the crime providing the basis for the initial search. In *United States v. White,* (7th Cir.1981) 660 F.2d 1178, the Court held that "[a] lawful seizure must be based upon a 'nexus' between the item seized and particular criminal behavior. The 'nexus' must be one known to the officers at the time of the seizure and may not be based upon mere speculation." 660 F.2d at 1184 (citation omitted). In *United States v. Ochs,* (2nd Cir.1979) 595 F.2d 1247, the Court held that

"when in the course of a legal warrantless search a police officer comes upon a suspicious object, he is entitled to inspect it and, if it consists of fruits, instrumentalities or evidence of crime, to seize it, even though the crime was not that which justified the search." 595 F.2d at 1256. Though decided before the Supreme Court's decision in *Coolidge* was handed down, the District Court in *United States v. McDonnell,* (1970 D.Neb.) 315 F.Supp. 152, stated that:

"It is sensible that, given a lawful entry, if an officer sees in plain sight evidence not described in the warrant, he should be permitted to seize it if he does not thereby expand the scope of the entry and search. To require the officer to abandon or complete the search, get another warrant on the strength of what he saw while making the search, and then return before seizing the property would be sacrificing substance for form, where instant connection between the newly seen evidence and the crime can be made. "If the newly seen objects obviously relate to a different crime, the solution should be the same."

315 F.Supp. at 168. *See also Myers v. State,* (1973) 60 Wis.2d 248, 208 N.W.2d 311. Finally, we note that the Court in *Brown* stated that the item seized only had to be evidence of *a* crime, not just the crime providing the basis for the search. We hold that an item not relating to the crime charged may be seized so long as the officer is immediately aware of its connection to a crime and the other *Coolidge* requirements are satisfied. The marijuana seeds were thus properly seized. The possession of marijuana, including marijuana seeds, is a crime. Ind.Code § 35-48-1-1 (Burns 1983 Supp.), Ind.Code § 35-48-4-11 (Burns 1983 Supp.). The officer who found the seeds testified at the hearing on the motion to suppress that he knew the item was marijuana seeds. Therefore, the evidentiary value of the item seized was immediately apparent.

The defendant also contends the seeds were not relevant evidence. However, no objection on this ground was raised at trial

or in the motion to correct errors. As such, the issue is waived.

Accordingly, we hold that the trial court did not err in allowing the evidence to be introduced.

### III.

 The final allegation of error deals with the sentence received by the defendant. The defendant was convicted of two counts of murder and of three counts of attempted murder. The trial judge imposed the maximum sentence possible on each count and ordered the sentences served consecutively. This amounted to a sentence of 270 years. The defendant contends the maximum sentences were manifestly unreasonable.

Under Ind.R.Ap.Rev.Sen. 2, a sentence is not manifestly unreasonable unless no reasonable person would find the sentence appropriate to the particular offense and offender. The trial judge, at the original sentencing hearing, stated that his reasons for imposing the sentences were that the defendant committed multiple crimes consisting of murder and attempted murder and that any lesser sentence would depreciate the seriousness of the crimes. The judge subsequently amended his findings and gave additional aggravating circumstances. These included the fact that the defendant went to Crescent Plastics with the intention of killing three men he held responsible for his firing, that the defendant shot one victim at close range while the victim was pleading for his life, that the defendant stalked another victim, and that the defendant attempted to shoot a deputy sheriff. The sentence received was authorized by statute, and the trial judge adequately detailed his reasons for enhancing the sentence. There is no error in the sentencing.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.