**Gary A. SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 583S181.

Supreme Court of Indiana.

Feb. 18, 1985.

Theodore D. Wilson, Indianapolis, for appellant.

Linley Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of armed robbery, a class B felony, Ind. Code § 35–42–5–1; confinement, a class B felony, Ind.Code § 35–42–3–3(a)(1); criminal deviate conduct, a class A felony, Ind. Code § 35–42–4–2; and rape, a class A felony, Ind.Code § 35–42–4–1. The case was tried before a jury. Appellant received ten year sentences for armed robbery and confinement and thirty year sentences for criminal deviate conduct and rape. The ten year sentences are to run concurrently with the thirty year sentences which are to run consecutively.

Appellant raises three issues on appeal; (1) whether there was sufficient evidence to support his convictions; (2) whether the imposition of consecutive sentences constitutes cruel and unusual punishment; and (3) whether the trial judge should have removed himself from presiding over the second trial because he was personally biased against the appellant.

These are the facts that tend to support the determination of guilt. On February 9, 1982, D.H. was delivering flowers to the Owen-Weilert Funeral Home, Marion, Indiana. When she arrived at the funeral home at approximately 1:30 p.m., she happened to notice a man standing on the corner near a snowdrift. After delivering the flowers, she returned to the van. Thereafter, the man she had noticed entered the van, pointed a gun at her, and exclaimed, "Shut up and drive." The man was wearing blue jeans, an army jacket, and a blue hooded sweatshirt which was drawn tightly about his face. As she drove, he demanded money from her, and she gave him thirteen dollars. Subsequently, she drove through a housing addition, and he told her to stop beside a park.

At this point, the man took the keys, got out and walked around the van. She took note of his height and that he had a mustach, some facial hair, and blemishes on his cheek. Furthermore, she noticed that he could not straighten out the last two fingers of his left hand. The man got back in the van and hit her on the ear with the gun. He then forced her head down and put his penis in her mouth. Thereafter, he forced her to have sexual intercourse with him in the back of the van. He then got in the front of the van and drove for awhile. When he stopped the van, he told her to

drive away and not to stop. She drove to her mother's house and arrived there at 2:00 p.m. She was immediately taken to the hospital.

That evening, she gave a description of her assailant to the police, and she selected appellant's photograph from a highschool year book. On February 11, 1982, a line up was conducted, and she again selected appellant. During the line up, she asked to see their hands, and the appellant was unable to straighten out the last two fingers of his left hand.

Appellant agreed to take a polygraph test. The examination revealed that he may not have told the whole and complete truth.

## I

Appellant maintains that the evidence is insufficient to establish his identity as the perpetrator of the offenses. The appellate court will not weigh the evidence nor judge the credibility of the witnesses. Rather, it considers only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

Appellant presented many alibi witnesses on his behalf, but his argument is nothing more than an attempt to ask us to reweigh the evidence and judge the credibility of the witnesses. This is not our prerogative. See *Muse v. State* (1981), Ind., 419 N.E.2d 1302. It is well-established that, not withstanding an alibi defense, the uncorroborated testimony of the victim is sufficient to sustain a conviction for rape. *McCawley v. State* (1980), 274 Ind. 137, 409 N.E.2d 594; *Munsey v. State* (1981), Ind., 421 N.E.2d 1115. The evidence mentioned in the statement of facts is clearly sufficient to support his convictions.

## II

Appellant argues that the imposition of consecutive thirty year terms of imprisonment for criminal deviate conduct and rape constitutes cruel and unusual punishment. Appellant also claims that the trial court failed to consider rehabilitation in imposing the sentences.

Ind.Code § 35–50–1–2(a) provides that "... the Court shall determine whether terms of imprisonment shall be served concurrently or consecutively." Consequently, except where the statute deems it mandatory, the imposition of consecutive sentences is committed to the trial court's discretion, subject to the requirement that it set forth its reasons for imposing consecutive sentences. *Sage v. State* (1981), 275 Ind. 699, 419 N.E.2d 1286. A trial court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences or both. *Mott v. State* (1980), 273 Ind. 216, 402 N.E.2d 986. Furthermore, the same reasons may be used to justify both an increase of the presumptive sentence and the imposition of consecutive sentences. See *Bish v. State* (1981), Ind., 421 N.E.2d 608.

> However, it is clear, that in every case where increased sentences are imposed the record must show that careful consideration commensurate with the denial of liberty involved has been given to the defendant. *Due care must be taken to demonstrate a thorough and thoughtful sentencing decision supported by specific and detailed reasons and an indication that the court has considered the goal of rehabilitation.* The record must show that the determination of the increased sentence was based upon a consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence.

*Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316. As long as the imposition

of consecutive sentences is supported by specific and detailed reasons and an indication that the court has considered the goal of rehabilitation, it will not constitute cruel and unusual punishment.

■ Appellant bases his argument on *Allen v. State* (1982), Ind., 439 N.E.2d 615. There the trial court ordered enhanced and consecutive sentences but failed to give a specific and individualized statement of why the particular facts supported the imposition of enhanced and consecutive sentences. The situation here, however, is clearly distinguishable. Here, the trial court carefully considered the facts and circumstances of the crime and gave a specific and detailed statement of reasons for the imposition of consecutive sentences. Furthermore, the trial court's noting of the fact that appellant had no prior criminal felony record indicates that it considered the goal of rehabilitation.

### III

Appellant argues that the trial judge should have removed himself from the second trial because he was biased against appellant. The trial judge presided over appellant's first trial which resulted in a hung jury. At the sentencing hearing of the second trial, the trial judge made this statement:

> I had the opportunity to hear this trial twice, and, Mr. Smith, as a trier of fact, although I would not have rendered the verdict in this case, if I heard the case to the Court, I would have found you guilty the first time. Because I had had no reasonable doubt that you were the one that committed this crime. But that's not my prospect even though I have my own, you know, I'm voicing my opinion in terms of dealing with these crimes. What started out, I'm not sure and the events occurring. You and which I say you because you have been convicted of that notwithstanding your protestations of being innocent.

■ This statement does indicate that the trial judge had a predisposed opinion as to appellant's guilt at the start of the sec-

ond trial. However, it does not indicate whether the trial judge was able to conduct the trial impartially despite his personal opinion. After a careful review of the record, we find that the trial was conducted impartially and fairly, and that appellant was not prejudiced. The trial judge did not err in not removing himself from the second trial.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.