Michael L. LINDSEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183S428.

Supreme Court of Indiana.

Nov. 21, 1985.

**72**

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Child Molesting While Armed With a Deadly Weapon, a Class A felony. The court imposed a fifty (50) year sentence which is to be served consecutively to a sixty (60) year sentence imposed in another conviction.

The facts are: The victim, G.H., was thirteen at the time of the incident. She was riding her bicycle along a dirt path near her home when a man wearing a mask approached her. He placed his hand over her mouth and told her to be quiet. He picked up both the girl and the bicycle and carried them to the edge of the path. There he threw the bicycle into a weeded area. He then forced G.H. to accompany him to a secluded area where he molested her. During the incident he held a knife at the throat of the girl. Appellant then fled

the scene. The police investigated; however, no arrest was made at that time.

Nearly a year later the victim saw on television the picture of a man accused of rape. She told the police and her parents that this was the man who molested her. She identified appellant in a photographic lineup, an in-person lineup and in court. The police also matched appellant's fingerprints to those recovered from the frame of the bicycle.

Appellant argues the trial court erred when it denied his motion for a change of venue from the county. The court took appellant's motion under advisement pending the outcome of the jury *voir dire.* After completing this task, the court denied the motion. Appellant claims prejudicial pretrial publicity. He maintains the publicity was particularly damaging as it concerned his recent rape conviction. He cites no authority for the proposition that publicity of this nature is to be considered in a manner inconsistent with the treatment of other pretrial publicity.

The denial of a motion for change of venue is at the discretion of the trial court and will be reviewed only to ascertain abuse of that discretion. *Daniels v. State* (1983), Ind., 453 N.E.2d 160. The appellant is required to first show evidence of pretrial publicity sufficient to create community bias or prejudice. Secondly, appellant must establish that the potential jurors were unable to set aside their preconceived notions of guilt and render a verdict based upon the evidence. *Walker v. State* (1983), Ind., 444 N.E.2d 842.

The record reveals the challenged publicity appeared in the summer of 1982. Trial did not commence until May, 1983. The reporting of the various print and electronic media was typical of what would be reported concerning a crime of this magnitude. The record does not reveal the degree of sensationalism that would require reversal. The trial court was justified in finding the nature of the reporting would not have created community bias requiring a change of venue.

 We additionally note appellant's bald assertion of prejudice is insufficient to establish the second requirement of *Walker*. It is incumbent upon a defendant seeking to challenge the court's denial of his motion to offer more than evidence of alleged prejudicial material. He must establish that the potential jurors were unable to set aside their preconceived notions of guilt. An essential part of the proof of that element is the transcript of the *voir dire*. *See Sage v. State* (1981), 275 Ind. 699, 419 N.E.2d 1286 and *Pine v. State* (1980), 274 Ind. 78, 408 N.E.2d 1271. In the case at bar, appellant has not provided the transcript of the *voir dire*. Thus this Court has no basis for reviewing the *voir dire* to ascertain the effect of the publicity on the veniremen.

Appellant contends the trial court erred when it permitted the State to amend the Information without an opportunity for a hearing. On the omnibus date the State filed an amendment to the Information which changed the charge from Rape While Armed to Child Molesting While Armed With a Deadly Weapon, a Class A felony. The record provided does not show the trial court conducted a hearing on the motion as required by Ind.Code § 35–34–1–5(d). However, the record does not show appellant objected to the amendment or to proceeding to trial on the amended information or that he sought a continuance as provided by Ind.Code § 35–34–1–5(d). Any error in failing to hold a hearing was waived by appellant's failure to act.

Appellant avers the trial court erred when it considered pending charges as an aggravating circumstance at sentencing. Under Ind.Code § 35–38–1–7(b)(2), the trial court may consider a history of criminal activity as an aggravating factor supporting the enhancement of a sentence. The trial court may consider prior criminal acts which have not been reduced to a conviction. *Randall v. State* (1983), Ind., 455 N.E.2d 916. We find no error on the part of the trial court.

Appellant argues the evidence was insufficient to support the conviction. He cites variances between the description provided by the victim at the time of the incident and his actual physical appearance at that time. He contends he did not have access to an automobile matching the description of the one leaving the scene of the incident. He also challenges the testimony of the expert witness who matched the fingerprints taken from the bicycle to those of appellant. The witness was properly qualified as an expert. Appellant's challenge therefore goes to the weight of her testimony.

This Court does not reweigh the evidence or judge the credibility of the witnesses. The trier of fact resolved these issues. We will not overturn their judgment.

The trial court is in all things affirmed.

All Justices concur.