**Wesley J. BIGLER, III, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 84S00–8707–CR–676.

Supreme Court of Indiana.

June 23, 1989.

James W. Boswell, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in Vigo Superior Court Division I, Defendant–Appellant Wesley J. Bigler, III, was convicted of Robbery, a Class A felony, and Attempted Murder, a Class A felony. The trial court imposed executed sentences of thirty (30) years on each of the convictions and ordered they be served consecutively.

Three issues are presented to us for review in this direct appeal as follows:

1. sufficiency of the evidence;

2. improper imposition of consecutive sentences; and

3. admission of certain exhibits into evidence.

The evidence tended to show that on September 18, 1986, Bigler, Joseph Blueher, and Darryl Jennings robbed Robert Bendzsa and John Hyde of two bags of money Bendzsa was attempting to place on night deposit for his employer. Jennings did not take part in the actual robbery but acted as the "getaway" driver. After the robbery, Bendzsa and Hyde pursued the robbers in their automobile as the robbers fled on foot. Bendzsa finally pursued them on foot also and was shot twice by one of the robbers. From a description of the two

perpetrators, Bigler was identified as the one who did the shooting. Blueher and Jennings each testified that Bigler was the one who did the shooting and described how he hid behind some bushes as he was pursued by Bendzsa. He emptied one magazine of cartridges and put in a new magazine while he hid behind a bush, and shot Bendzsa from that vantage point. As Bendzsa attempted to flee, Bigler shot him again. Bendzsa received gunshot wounds in his leg and in the chest area which caused him severe medical distress for some period of time before he recovered. Jennings testified he eventually picked up Blueher and the two met Bigler back at his apartment where the money from one bag totalling a little over $360.00 was divided among the three. The guns eventually were thrown into the Wabash River. A detective did, however, find a semi-automatic magazine in the bushes where the shooting took place. Bigler maintained that on the evening in question he was home alone and went to bed at 9:00 p.m. He said he was awakened about 11:00 p.m. by Blueher and Jennings. He stated he did not take part in the incident.

## I

Bigler claims there was insufficient evidence of probative value to sustain the verdicts of guilty on the murder and robbery charges. He appears to be primarily concerned with the attempted murder conviction since he was the only one charged with that crime. The witnesses were unable to identify the perpetrators since they wore masks and were not in well lighted areas much of the time. Although there was corroborative evidence from other witnesses, Blueher and Jennings identified Bigler as one of the participants and, more particularly, the one who shot witness Bendzsa. Blueher was not given immunity for his testimony. Jennings was given complete immunity. Bigler's claim of insufficiency does no more than raise questions of conflict and point out that the identification evidence came from two admitted criminals. This, of course, goes to credibility and weight. *Smith v. State* (1987), Ind., 508 N.E.2d 1279. A cellmate

also testified that Bigler had discussed this incident with him. There was sufficient evidence of probative value from which a reasonable trier of fact could find or infer Bigler was guilty as charged beyond a reasonable doubt.

## II

The trial court sentenced Bigler to the presumptive term of thirty (30) years for each conviction pursuant to Ind.Code § 35-50-2-4. Bigler makes no complaint about this. His complaint is based on the sentencing judge's order that the two thirty (30) year sentences be served consecutively. He claims the sixty (60) year sentence is unreasonable and unfair, and that no reasonable person could find such a sentence appropriate to the particular offense and offender for which such sentence was imposed. We disagree.

Ind.Code § 35-50-1-2 states in pertinent part that the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The factors which may be considered in imposing consecutive terms of imprisonment are listed in Ind.Code § 35-38-1-7(b). In support of consecutive sentences, the trial court found Bigler to have a history of criminal activity, noting his past felony convictions. The evidence showed Bigler had been found guilty of those felonies and further showed he had served time on four different occasions. The court also found that to impose a lesser sentence would depreciate the seriousness of the crime. The court also found Bigler had shown no remorse for his acts and that this case involved acts of violence and severe injury which could have been avoided had Bigler not stopped his flight, reloaded his pistol, and hidden in the bushes waiting to attack the victim. The court further found when Bigler shot, the victim was fleeing; further, Bigler fired his pistol at or near other passersby in the area.

We will not revise a sentence authorized by statute unless such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. The reasons given by the trial

court here are supported by the evidence and we do not find such sentences to be inappropriate or unreasonable. *Simmons v. State* (1987), Ind., 504 N.E.2d 575, 582.

### III

 A search warrant was issued on September 25, 1986, allowing police to search for property at Bigler's home, constituting evidence of an offense or tending to show a particular person committed an offense and specifically listed price tags from guns, .22 caliber ammunition, and a blue denim jacket. Bigler makes no complaint as to the legality of the search warrant's issuance and execution. His complaint is when the warrant was executed, the officers found three pressure-sensitive labels which were from the magazine cartridge of a .22 caliber pistol. One of the officers testified the labels were found in plain view next to a chair on the living room floor in Bigler's apartment. Bigler now argues the trial court erred by allowing the labels into evidence because the three items were not specifically listed on the warrant and were not in and of themselves illegal materials.

When officers are executing a legally obtained search warrant, they are authorized to seize other items of property not listed in the search warrant if they lawfully make an initial intrusion or are properly in a position from which they could view a particular area, they discover incriminating evidence inadvertently and it is immediately apparent to them the items they observe may be evidence of a crime, contraband or otherwise subject to seizure. *Texas v. Brown* (1983), 460 U.S. 730, 736-37, 103 S.Ct. 1535, 1540, 75 L.Ed.2d 502, 510 (plurality opinion); *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (plurality opinion), *reh. denied* (1971), 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120; *McReynolds v. State* (1984), Ind., 460 N.E.2d 960, 962. The officers executing the search warrant were properly on the premises by virtue of the valid search warrant, were able to observe the labels lying on the floor in plain view, and were reasonably able to determine they constituted potential evidence in this case. The trial court properly admitted these exhibits into evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.