**In the Matter of Desmond KING, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9206–JV–246.

Court of Appeals of Indiana, Second District.

Nov. 16, 1992.

Irwin B. Levin, Marilyn A. Moores, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

## ORDER

SHARPNACK, Chief Judge.

The appellee, by counsel, having heretofore filed in this cause its Verified Motion to Dismiss Appeal and Memorandum in Support thereof alleging therein that the praecipe was not timely filed and the appellant having thereafter filed his Response to the Verified Motion to Dismiss Appeal, which said Motion and Response are more particularly in the following words and figures, to-wit:

(H.I.)

And the Court, having examined these matters, having examined the record of the proceedings and being duly and fully advised, now finds that the judgment which is the subject of this appeal was entered on February 3, 1992, that the last day for filing the praecipe was March 4, 1992 but that the praecipe was not filed until March 11, 1992; the Court further finds that the appellant has forfeited his right to appeal by his failure to timely file the praecipe and accordingly, the appellee's Verified Motion to Dismiss Appeal should be granted and this cause should be dismissed.

IT IS THEREFORE ORDERED that the appellee's Motion to Dismiss Appeal is granted and this appeal is now dismissed.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting from dismissal of appeal.

By majority vote the Second District panel has this date dismissed the appeal of Desmond King upon grounds that the praecipe was not timely filed pursuant to Appellate Rule 2(A). I dissent.

Notwithstanding some authority seemingly to the contrary,[1] failure to file a praecipe within thirty days following final judgment does not *require* dismissal of the appeal. Were it so, there could be no such thing as a Belated Praecipe. Post Conviction Rule 2 clearly provides that following a criminal conviction a defendant may appeal notwithstanding failure to file a timely praecipe. The passage of thirty days from the date of judgment, therefore, does not automatically terminate the right of appeal. The timely filing of a praecipe is therefore not truly jurisdictional.

In *Jordan v. State* (1987) Ind., 512 N.E.2d 407, our Supreme Court by 3–2 vote held that Indiana Post–Conviction Rule 1 "cannot be applied to one adjudicated a delinquent." 512 N.E.2d at 410. The majority discussion concerned only Post–Conviction Rule 1, not Post–Conviction Rule 2, § 1 which deals with belated praecipes. The dissenting justices, however, opined that a juvenile "must as a matter of due process have some procedure available through which to challenge an adjudication after appeal time has expired...." 512 N.E.2d at 411. Chief Justice Shepard, who voted with the majority, issued an opinion upon rehearing (*Jordan v. State* (1987) Ind., 516 N.E.2d 1054) concluding that some method of challenge must be made available, suggesting Trial Rule 60 rather than the post-conviction relief rules. It would appear that Chief Justice Shepard's views are tied to the proposition that juvenile proceedings are civil in nature and that therefore the post-conviction rules are not appropriately applied. Be that as it may, juvenile proceedings, like post-conviction relief proceedings, are deemed civil in nature. Thus, no valid basis exists for stating that the filing of a praecipe within thirty days from an adjudication of delinquency is absolutely jurisdictional.

Furthermore, as held in *Byrd v. State* (1992) Ind., 592 N.E.2d 690, the State has waived the untimely filing of the praecipe because no timely objection was made. Such waiver is particularly appropriate when, as here, the record of proceedings and the appellant's brief have both been filed. The State's first objection to the praecipe filing was set forth in its Motion to Dismiss which was not filed until the very day its Appellee's brief was due.

In its dismissal, the majority here undoubtedly focuses upon the language of App.R. 2(A) and Criminal Rule 19 which declare that unless the thirty day filing requirement is fulfilled, "the right to appeal will be forfeited". In my view, the rules contemplate that some entity or authority must declare the forfeiture. Such declaration of forfeiture would seem therefore to be within the sound discretion of this court. Forfeiture, if any, does not, or should not, occur by operation of law. The provision for forfeiture is not self-executing.

This court should not dismiss requiring King to embark upon a procedurally wasteful course by now filing in the trial court a Motion for Leave to File a Belated Praecipe, await a ruling by the court and then file his Belated Praecipe for a record which is already before us.

I would grant the State thirty days to file it appellee's brief and would then proceed to a consideration of the appeal upon its merits.

---

**1.** See *Sullivan v. American Casualty Company of Reading, Pennsylvania* (1991) 1st Dist. Ind.App., 582 N.E.2d 890.