v.

**STATE of Indiana, Appellee–Petitioner.**

No. 64A04–0803–JV–130.

Court of Appeals of Indiana.

May 29, 2008.

T. Edward Page, Cohen and Thiros, PC, Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Respondent R.J.G. appeals from the juvenile court's disposition following his admission that he committed what would have been, if committed by an adult, Class C felony Criminal Recklessness[1] and Class A misdemeanor Marijuana Possession.[2] We affirm in part, reverse in part, and remand with instructions.

## FACTS

At approximately 9:00 p.m. on May 21, 2007, A.P. went to the home of his friend R.J.G. At some point, R.J.G. aimed a handgun at A.P., which accidentally discharged, shooting A.P. in the mouth. A subsequent search of R.J.G.'s residence uncovered thirty-four grams of marijuana inside a safe to which only he knew the combination. On May 29, 2007, the State filed a delinquency petition, alleging that R.J.G. committed what would be, if committed by an adult, Class C felony criminal recklessness, Class D felony pointing a firearm, Class D felony dealing in marijuana, and Class A misdemeanor marijuana possession.

On September 22, 2007, R.J.G. admitted that he had committed what would be, if committed by an adult, Class C felony criminal recklessness and Class A misdemeanor marijuana possession. On October 17, 2007, the juvenile court ordered R.J.G. remanded to the custody of the Department of Correction ("DOC") until the age of eighteen and that, after his discharge, he be subject to supervised probation until the age of twenty-one.

## DISCUSSION AND DECISION

### I. Order of Probation Following DOC Commitment

R.J.G. contends that the juvenile court erroneously ordered that he be subject to probation following his DOC commitment. Specifically, R.J.G. argues that, pursuant to Indiana Code section 31–30–2–1(a)(2) (2007), the juvenile court lost jurisdiction over him when guardianship was awarded to the DOC and therefore had no power to also order probation. The State counters that Indiana Code sections 31–37–19–5 (2007) and –6 (2007) specifically allow a juvenile court to impose DOC commitment and probation in the same disposition. On this point, we agree with the State.

The overriding purpose of the juvenile process is rehabilitation and aid to the juvenile to direct his behavior so that he will not later become a criminal. *L.L. v. State*, 774 N.E.2d 554, 556 (Ind.Ct.App. 2002) (citing *Jordan v. State*, 512 N.E.2d 407, 408–09 (Ind.1987)), *trans. denied.* The choice of a specific disposition for a

1. Ind.Code § 35–42–2–2 (2007).

2. Ind.Code § 35–48–4–11 (2007).

juvenile adjudicated to be a delinquent is within the juvenile court's discretion, subject to the statutory considerations of the welfare of the child, the safety of the community, and the code's policy of favoring the least harsh disposition. *Id.* We may overturn a juvenile disposition order only if we conclude that the court has abused its discretion because its conclusion and judgment are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A question of statutory interpretation is a matter of law to be determined *de novo* by this court. We are not bound by a trial court's legal interpretation of a statute and need not give it deference. We independently determine the statute's meaning and apply it to the facts before us. During our review, the express language of the statute and the rules of statutory construction apply. We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result. Thus, we are compelled to ascertain and execute legislative intent in such a manner as to prevent absurdity and difficulty. In so doing, we are required to keep in mind the object and purpose of the law as well as the effect and repercussions of such a construction.

*Maynard v. State*, 859 N.E.2d 1272, 1274 (Ind.Ct.App.2007) (citations omitted), *trans. denied.*

■■■ Indiana Code section 31–30–2–1 provides, in relevant part, that "the juvenile court's jurisdiction over a delinquent child or a child in need of services and over the child's parent, guardian, or custodian continues until . . . guardianship of the child is awarded to the department of correction." Another panel of this court has interpreted section 31–30–2–1 to mean that a juvenile court cannot order probation if it has also ordered any term of commitment to the DOC. *See J.J.M. v. State*, 779 N.E.2d 602, 607 (Ind.Ct.App. 2002). In our view, however, the *J.J.M.* panel did not correctly take into account other statutory provisions that expressly allow a juvenile court to do just that, and so we decline to adopt *J.J.M.'s* holding.

Indiana Code section 31–37–19–5 provides, in part, that "[t]he juvenile court may, in *addition to an order under section 6 of this chapter,* enter at least one (1) of the following dispositional decrees: (1) Order supervision of the child by . . . the probation department[.]" (Emphasis added). Section 6 of the same chapter provides, in part, that a juvenile court may "enter any dispositional decree specified in section 5 of this chapter; *and* . . . take any of the following actions: . . . Award wardship to . . . the department of correction for housing in a correctional facility for children[.]" Ind.Code § 31–37–19–5 (emphasis added). In other words, section 5 allows a juvenile court to impose probation, and section 6 specifically allows a juvenile court to order DOC commitment in addition to any disposition ordered in section 5. Based on the plain language of sections 31–37–19–5 and –6, we conclude that the juvenile court did not err in ordering probation following a term of commitment to the DOC.

## II. DOC Commitment

R.J.G. also contends that the juvenile court erred in ordering a determinate DOC commitment. As the State acknowledges, a juvenile must have accumulated two prior delinquency adjudications for what would be felonies if committed by an adult before a juvenile court may order a determinate DOC commitment, and R.J.G. had none. *See* Ind.Code § 31–37–19–10 (2007). As such, the juvenile court's authority was limited to recommending to the DOC a term of commitment. *See E.H. v. State*, 764 N.E.2d 681, 686–87 (Ind.Ct. App.2002) (Robb, J., concurring), *trans. denied.* In summary, while the juvenile court's probation order remains intact, we remand for entry of a recommended DOC commitment, as opposed to a determinate one.

The judgment of the juvenile court is affirmed in part, reversed in part, and remanded with instructions.

BARNES, J., and CRONE, J., concur.