ATTORNEY FOR APPELLANT
T. Edward Page
Merrillville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 10 2009, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 64S04-0809-JV-483

R.J.G.,

*Appellant (Respondent below),*

v.

STATE OF INDIANA,

*Appellee (Petitioner below).*

Appeal from the Porter Circuit Court, Juvenile Division, No. 64C01-0708-JD-565
The Honorable Mary R. Harper, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A04-0803-JV-130

**March 10, 2009**

**Boehm, Justice.**

We hold that a juvenile court may order a commitment to the Department of Correction and, in the same order, provide for probation following release from the Department of Correction.

### Facts and Procedural History

R.J.G. was fifteen years old in the spring of 2007. On May 21, after selling marijuana to a friend, R.J.G. pointed a gun at his customer. The gun accidentally discharged, shooting the

friend in the mouth and severely injuring him. A search of R.J.G.'s bedroom uncovered drug paraphernalia and a safe containing two guns, cash, a scale, and thirty-four grams of marijuana.

The State filed a delinquency petition, alleging that R.J.G. committed acts that would, if committed by an adult, constitute class C felony criminal recklessness, class D felony pointing a firearm, class D felony dealing in marijuana, and class A misdemeanor marijuana possession. R.J.G. pleaded guilty to criminal recklessness and marijuana possession in exchange for dismissal of the other charges.

The juvenile court concluded that the appropriate placement for R.J.G. was commitment to the Department of Correction ("DOC"), specifically the Indiana Boys School, until the age of eighteen, followed by supervised probation until the age of twenty-one. The juvenile court found that this disposition was "proper and necessary for the safety of the community and in the best interests of the juvenile" because of

> the seriousness of the crime, the juvenile's reluctance to have mental health treatment prior to the incident, his lack of remorse, his ability to run a major drug enterprise out of his basement for at least a year, supplying drugs to his friends and neighbors, his lack of parental supervision, [and] his reckless behavior in owning and handling a hand gun which ended in the predictable outcome of serious injury . . . .

The juvenile court also ordered that R.J.G. participate in individual counseling, and that after his release, R.J.G. and his family participate in the Community Transition Program and R.J.G. complete 200 hours of community service. The juvenile court held the amount of restitution open until obtaining further documentation.

R.J.G. appealed the dispositional order, arguing that the juvenile court lacked jurisdiction to order both commitment to the DOC and probation in the same order, and also raising other issues that are now moot.[1] The State responded that statutes provide the juvenile court with such

---

[1] The trial court's order of commitment until age eighteen was a determinate commitment. R.J.G. argued to the Court of Appeals that the juvenile court lacked authority to order a determinate commitment to the DOC because he did not have two unrelated prior adjudications of delinquency. See Ind. Code § 31-37-19-10 (2004). The State agreed with R.J.G. on this point, and the Court of Appeals remanded for entry of a recommended term rather than a determinate one. R.J.G. v. State, 888 N.E.2d 213, 217 (Ind. Ct. App. 2008). R.J.G. petitioned for transfer to this Court and concurrently moved for a limited remand under Indiana Appellate Rule 37 to reduce his commitment to a recommended disposition while his transfer petition was pending. The Court of Appeals granted the limited remand and ordered the trial court to order an indeterminate commitment, which was done on July 15, 2008. On July 17, 2008, the trial court

jurisdiction, and this flexibility permits courts to craft an appropriate disposition for each child. The Court of Appeals affirmed the juvenile court, holding that the juvenile court had jurisdiction to order probation following discharge from the DOC. R.J.G. v. State, 888 N.E.2d 213, 216 (Ind. Ct. App. 2008). Because this holding conflicted with the holding in J.J.M. v. State, 779 N.E.2d 602, 607 (Ind. Ct. App. 2002), we granted transfer to resolve the conflict. Ind. Appellate Rule 57(H)(1).

## Standard of Review

Whether a juvenile court may simultaneously order commitment to the Department of Correction and probation following release is a question of statutory interpretation that we review de novo. Pinnacle Props. Dev. Group, LLC v. City of Jeffersonville, 893 N.E.2d 726, 727 (Ind. 2008).

## Juvenile Dispositional Orders

When a person under the age of eighteen commits an act that would be an offense if committed by an adult, the person is adjudicated a "delinquent child." Ind. Code §§ 31-37-1-1, -2 (2004). Upon finding that a child is delinquent, the juvenile court enters a dispositional decree providing for the placement of the child and other sanctions and treatment. Dispositional decrees are intended to promote rehabilitation. J.D. v. State, 853 N.E.2d 945, 947 (Ind. 2006) ("Our legislature has declared that it is the policy of this State and the purpose of our juvenile code to 'ensure that children within the juvenile justice system are treated as persons in need of care, protection, treatment, and rehabilitation.'" (quoting I.C. § 31-10-2-1(5))).

The legislature has given juvenile courts "a myriad of dispositional alternatives to fit the unique and varying circumstances of each child's problems." J.D., 853 N.E.2d at 947–48. The menu of dispositional options is found in Indiana Code sections 31-37-19-5 and 31-37-19-6.[2] Section 5 provides that the juvenile court may, "in addition to an order under section 6 of this chapter, enter at least one (1) of the following dispositional decrees." The list that follows

---

released R.J.G. from the DOC to his father's custody. R.J.G.'s petition for transfer raising only the probation issue remained before this Court.

[2] Sections 5 and 6 were amended effective July 1, 2008, and January 1, 2009, respectively, pursuant to Public Law 146-2008. The amendments are not relevant to the question here.

includes probation, outpatient treatment, surrender of driver's license, restitution, emancipation, attendance at an alcohol and drug program, community service, and, for certain acts, "wardship" of the DOC for a fixed period. Section 6 allows the juvenile court to "enter any dispositional decree specified in section 5 of this chapter" and authorizes awarding "wardship" to a juvenile detention facility, to the DOC for housing in a correctional facility for children, or to another person or facility.

R.J.G. acknowledges that the plain language of Sections 5 and 6 clearly permits a dispositional order providing for both commitment to the DOC and subsequent probation. However, he contends that the options contained in Sections 5 and 6 are available only when a court has jurisdiction over the juvenile under Indiana Code section 31-30-2-1, which provides for jurisdiction over a delinquent child until:

(1) the child becomes twenty-one (21) years of age, unless the court discharges the child and the child's parent, guardian, or custodian at an earlier time; or

(2) the guardianship of the child is awarded to the department of correction.

R.J.G. reasons that when the juvenile court ordered commitment to the DOC, it lost jurisdiction over him and could make no further dispositions until regaining jurisdiction.

In support of this argument R.J.G. cites J.J.M. v. State, 779 N.E.2d 602 (Ind. Ct. App. 2002). In J.J.M., the juvenile court's dispositional decree was the same as the one here—the juvenile court ordered the delinquent child to the Indiana Boys School followed by probation. 779 N.E.2d at 607. J.J.M. held that upon ordering guardianship of the child to the Department of Correction, the juvenile court is divested of jurisdiction and cannot order probation. Id. We think J.J.M. was incorrect on this point. Sections 5 and 6 allow a juvenile court to order "at least one," i.e., potentially multiple, dispositions. Nothing prevents these from being accomplished in the same order. And there is no jurisdictional bar to ordering more than one disposition in the same order. The juvenile court has jurisdiction over the person and the subject matter at the time it makes its dispositional decree and therefore has jurisdiction at that time to order both probation and commitment to the DOC.

R.J.G. also points to Indiana Code section 31-30-2-3, which permits the juvenile court to reinstate jurisdiction upon the juvenile's release from the DOC. R.J.G. argues that the legislature has provided this section as the exclusive means by which a juvenile court may order probation

4

upon release from the DOC. However, entry of multiple dispositions in the initial order is not inconsistent with reinstatement of jurisdiction for additional dispositions upon release from the DOC. Providing the juvenile court with the option to reinstate jurisdiction does not foreclose an initial order including probation. It merely preserves flexibility in crafting a dispositional order and allows deferring decisions as to the need for additional dispositions.

## Conclusion

We affirm the provision of the dispositional decree ordering probation following R.J.G.'s release from the Department of Correction.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.