# FOR PUBLICATION



FILED
May 21 2013, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C.B., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1207-JV-379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT, JUVENILE DIVISION
The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate
Cause No. 49D09-1203-JD-801

**May 21, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, a juvenile entered into a conditional admission agreement pursuant to which she admitted to committing what would have been class A misdemeanor Battery[1] if committed by an adult. In exchange, the State agreed to dismiss a separate delinquency petition. Additionally, if the juvenile did not violate the agreement for ninety days, the remaining delinquency petition would also be dismissed. However, if the juvenile violated the agreement, the juvenile court would determine that the agreement had failed, and her case would proceed immediately to disposition.

Before the ninety days had expired, the juvenile was arrested for what would have been class A misdemeanor battery if committed by an adult. The juvenile court noted that probable cause had been found for the new offense and set the matter for a disposition hearing. Immediately before proceeding to disposition, however, the new delinquency petition was dismissed. Nevertheless, the juvenile court determined that the conditional admission agreement had failed and sentenced the juvenile to formal probation.

On appeal, the juvenile argues that she was denied due process when the juvenile court would not permit her to present evidence regarding probable cause after the new delinquency petition was dismissed. We conclude that before a juvenile court can determine that a conditional admission agreement has failed based upon probable cause that a new offense has been committed, the juvenile court must independently find

[1] Ind. Code § 35-42-2-1.

2

probable cause instead of merely relying on the probable cause finding that authorized the filing of the delinquency petition. Additionally, a juvenile must be given a meaningful opportunity to challenge the existence of probable cause. Here, because the juvenile court relied solely on the finding of the probable cause that supported the filing of the new delinquency petition, and C.B. was not given a meaningful opportunity to challenge probable cause, we reverse.

## FACTS[2]

On March 9, 2012, nine-year-old L.H. had just exited her school bus when eleven-year-old C.B. punched her in the face, causing her pain. L.H. and C.B. were neighbors, and their families had been involved in ongoing disputes.

On March 23, 2012, the juvenile court ordered the State to file a delinquency petition under cause number 49D09-1203-JD-801(JD-801), alleging that C.B. was a delinquent child for committing what would have been class A misdemeanor battery if committed by an adult. In the same order, the juvenile court also authorized the State to file a delinquency petition under cause number 49D09-1203-JD-799 (JD-799), which arose from allegations that C.B. and her brother struck a six-year-old in the face and ribs after the victim exited his school bus. Like the JD-801 petition, the JD-799 petition alleged that C.B. was a delinquent child for committing what would have been class A misdemeanor battery if committed by an adult.

---

[2] We held oral argument on April 8, 2013, in Indiana Court of Appeals courtroom in Indianapolis. We thank counsel for their informative and illustrative oral advocacy.

3

On April 18, 2012, the State and C.B. entered into a conditional admission agreement. Under the agreement, C.B. entered an admission in JD-801 in exchange for the State's dismissal of JD-799. The juvenile court was to take the agreement under advisement, and if C.B. did not violate the terms for ninety days, the State would dismiss the JD-801 petition. Some of the terms included in the agreement provided that C.B. shall not:

> (a) commit any new offenses, (b) violate the terms of [her] probation (if currently on probation), (c) violate the conditions of [her] release ordered by the Court, or (d) commit any act that results in [her] receiving an in-school or out-of-school suspension or being suspended or expelled from school.

Appellant's App. p. 39. Additionally, the agreement provided that if the juvenile court determined that there was probable cause to believe that C.B. had violated the agreement, including the provisions above, "the Court and parties will proceed to disposition and the terms of the plea agreement will be "'Open Argument to the Court at the Dispositional Hearing.'" Id.

On April 25, 2012, the juvenile court noted that C.B. "has picked up a new offense, that has been authorized for filing" under cause number 49D09-1204-JD-1088 (JD-1088). Appellant's App. p. 41. More particularly, C.B. had been arrested for what would have been class A misdemeanor battery if committed by an adult.

On May 23, 2012, the juvenile court held an initial hearing during which it noted that the court had found that probable cause existed under JD-1088 based on the very fact that it had been filed. Consequently, C.B. had violated the terms of her conditional

4

admission agreement. The juvenile court set the matter for a disposition hearing on May 30, 2012.

Before proceeding to disposition on May 30, 2012, the State requested a continuance because the mother of the listed victims had contacted the State, stating that they would not make the hearing because of illness. The motion was denied, and the State moved to dismiss JD-1088.

The juvenile court informed C.B. that JD-1088 had been dismissed but that she still had to proceed to disposition from the conditional admission agreement. The probation department requested additional time to prepare its report, and the disposition hearing was set for July 6, 2012. Additionally, C.B.'s counsel requested to be heard on the issue of probable cause even though he conceded, "I understand at the last hearing based upon the finding of probable cause [in JD-1088] that [the] conditional plea agreement was shown as failed." Tr. p. 6. The juvenile court informed him that his arguments would have to wait until disposition stating, "if an additional charge is filed after the Court finds probable cause on top of a[] [conditional] agreement . . . and then I have to subsequently hear [a] probable cause hearing, that's fine I will do so, but tread lightly if you want to present another conditional to this Court." Id. at 7.

At the July 6, 2012 disposition hearing, C.B.'s counsel again requested to present evidence regarding probable cause on cause number JD-1088. The juvenile court immediately questioned its jurisdiction to hear evidence regarding probable cause on a dismissed case, but counsel argued that while the State presented the probable cause

5

affidavit, "we had not complete[d] any investigation as of the initial hearing on that case." Tr. p. 11.

The State countered that probable cause was found at the initial hearing. The juvenile court again questioned its jurisdiction over a dismissed case but determined that even "assuming for the sake of argument that the Court does, for purpose of this hearing, I'm just going to deny the motion to reconsider probable cause as to the previously . . . dismissed matter [JD-1088]." Id. at 16.

The juvenile court proceeded to disposition, where it incorporated the predisposition report providing for probation, counseling to be arranged for C.B.'s mother at Reach for Youth, and C.B. to stay away from the victims. C.B.'s formal probation was ordered to last until October 6, 2013. C.B. now appeals.

DISCUSSION AND DECISION[3]

C.B. argues that she was denied due process when the juvenile court concluded that she had violated her conditional admission agreement after the court had prevented her from challenging probable cause in JD-1088. C.B. characterizes this as an issue of first impression pointing out that she "can find no authority on point" regarding whether she was denied due process before the trial court found that she had violated the conditional agreement. Appellant's Br. p. 5.

Generally, the Due Process Clause of the Fourteenth Amendment to the United States Constitution applies to juveniles alleged to be delinquent children. In re Gault, 387

---

[3] In the State's brief, it argued that this Court lacked jurisdiction insofar as a conditional admission agreement is not a final order. However, the State withdrew this position during oral argument.

U.S. 1, 30 (1967). As stated above, because there is no authority directly on point, we must determine what process C.B. was due in the instant case.

Initially, we recognize that there is no statute authorizing a juvenile court to approve conditional admission agreements. However, our Supreme Court has recognized that the purpose of the juvenile system is vastly different from the criminal justice system. Jordan v. State, 512 N.E.2d 407, 408 (Ind. 1987). Specifically, the purpose of the juvenile process is rehabilitation so that the juvenile will not become a criminal as an adult and; accordingly, juvenile courts should have a variety of options for juveniles who have delinquency problems. Id. Consequently, we approve of conditional admission agreements as an important tool to be used within the juvenile court's sound discretion.

Moving forward to the process that is required before a juvenile court may determine that a conditional admission agreement has failed based upon probable cause that a new delinquent act has been committed, a juvenile court must find probable cause independently from the probable cause that authorized the filing of the delinquency petition. Put another way, a juvenile court may not rely solely on the fact that there was probable cause to authorize filing a delinquency petition.[4]

---

[4] While we acknowledge our colleague's concern that our holding is too broad, we emphasize that juveniles are not simply youthful adults. Indeed, they are children, and to the extent that they are children, their decision-making ability is underdeveloped. This is one of the reasons that the "juvenile court system is founded on the notion of parens patriae, which allows the court to step into the shoes of the parents." In re M.T., 928 N.E.2d 266, 268 (Ind. Ct. App. 2010) (holding that "a trial court may not modify a juvenile's disposition without a hearing at which the State presents evidence supporting the allegations listed in the revocation petition").

7

Furthermore, a juvenile must be given the opportunity to challenge the finding of probable cause. In other words, the juvenile must be given a meaningful opportunity to be heard on the issue of probable cause.

Applying these principles to the instant case, at the May 23, 2012 pretrial hearing, the State requested that the juvenile court find that the conditional admission agreement had failed and to proceed to disposition pursuant to the terms of the agreement. Tr. p. 27. The State pointed out that the agreement stated that if there was probable cause to believe that she had violated the agreement, it "shall be shown as failed." Id. at 28. The State argued that by "authorizing the cause number in, ending in 1088 the Court has found there to be probable cause." Id. The juvenile court agreed. Id.

At the May 30, 2012 hearing, the State dismissed JD-1088 after the witnesses failed to appear. Tr. p. 4. Then, C.B., through counsel, requested to be heard on the finding of probable cause under JD-1088. Although the record is a little unclear, it appears that C.B. had at least one and maybe two witnesses prepared to testify at this hearing. Id. at 6. The juvenile court responded, "[p]resent it at Disposition. And don't present an . . . agreement like this again." Id.

At the disposition hearing on July 6, 2012, C.B. again requested to present evidence regarding probable cause. Tr. p. 9. The juvenile court questioned its jurisdiction to grant this request on a dismissed case but permitted C.B.'s witness, K.Y., to testify. Id. at 11. K.Y. testified that she saw the alleged victim walking to her babysitter's house and that she saw C.B. a short time later. Id. at 12-13. K.Y. stated that

8

that she did not see any altercation between the two girls and that there was no evidence that an altercation had occurred. Id. at 13. On cross-examination, K.Y. testified that she watched the alleged victim walk to her residence without incident. Id.

After C.B. presented her evidence, the juvenile court again questioned its jurisdiction to reconsider probable over a dismissed case, ultimately concluding, "assuming for the sake of argument that the Court does, for purpose of this hearing, I'm just going to deny the motion to reconsider probable cause as to the previously disma, dismissed matter [JD-1088]." Tr. p. 16.

In light of our conclusions above, it was error for the juvenile court to rely solely on the finding of probable cause that authorized the filing of JD-1088. Likewise, although the juvenile court allowed C.B. to present evidence regarding probable cause, it denied her motion to reconsider probable cause even though C.B. clearly established a lack of probable cause. Indeed, the only evidence presented indicated that the incident did not occur. To be clear, we are not saying that anytime a juvenile presents evidence that tends to negate probable cause, a juvenile court must grant a motion to reconsider probable cause. However, under these facts and circumstances where the only evidence indicates a lack of probable cause, it is error to deny a motion to reconsider probable cause. Accordingly, C.B. was denied due process.

The judgment of the juvenile court is reversed.

RILEY, J., concurs.

BARNES, J., concurs with separate opinion.

9

# IN THE
# COURT OF APPEALS OF INDIANA

C.B.,                                   )
                                        )
    Appellant-Respondent,           )
                                        )
        vs.                        )    No.     49A04-1207-JV-379
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Petitioner.            )

**BARNES, Judge, concurring**

I concur fully that there is no evidence in this record that would have allowed the trial court to trigger the sanctions in the conditional agreement. I, too, emphatically support the use of agreements like the one used here. Prosecutors and juvenile defendants must have an opportunity to negotiate these sorts of agreements. It is clear to me, as the majority posits, that basic due process demands more than what occurred here. There was <u>no</u> delinquency petition on file here at the time the conditional agreement was voided. The only testimony about the alleged incident was exculpatory. Yet, because probable cause was found at one time on a since-dismissed delinquency petition, sanctions were imposed. Not fair, not right, not constitutional in my view.

10

I part with the majority when it says that, "a juvenile court may not rely solely on the fact that there was probable cause to authorize the filing of a delinquency petition" and suggests that a conditional agreement like the one here could never be revoked based only on the filing of another delinquency petition. There are numerous probation revocation cases, which I consider to be analogous to the present situation, establishing that in some cases a probable cause finding in another matter may be used to revoke probation. When a probation agreement says a probationer cannot be charged with any new offense, then the mere fact of the probationer being charged with a new offense can be enough to revoke probation. Pitman v. State, 749 N.E.2d 557, 561 (Ind. Ct. App. 2001), trans. denied. But if an agreement specifically says probation will be revoked if a probationer commits a new offense, the mere fact of being charged with a new offense is not enough to prove that the defendant committed a new offense and that probation should be revoked. Figures v. State, 920 N.E.2d 267, 272-73 (Ind. Ct. App. 2010). Also, where a new criminal charge has not been dismissed, a probable cause affidavit for the new charge may be introduced into evidence to prove that the probationer actually committed the new offense, but such an affidavit cannot be introduced where the new charge was later dismissed because of evidentiary problems. Id. at 272. It also is well-settled that probation cannot be revoked unless a hearing has been held at which the probationer has been able to present his or her own evidence, in particular with respect to

11

whether he or she committed a new crime.  <u>Cooper v. State</u>, 917 N.E.2d 667, 672 (Ind. 2009).[5]

Applying these cases to the present case, I would hold:  (1) C.B.'s conditional agreement prohibited her from <u>committing</u> a new offense, not from being <u>charged</u> with a new offense, thus the mere fact that she was charged with a new offense was not enough to revoke the agreement; (2) because the new delinquency charge was dismissed, the State was required to present some independent evidence that the juvenile actually committed that offense aside from the fact that the charge was filed, and that evidence could not include the probable cause affidavit accompanying the dismissed petition; and (3) because the State presented no evidence that C.B. committed a new offense, it was erroneous for the trial court to revoke the conditional agreement.

I think the language used by the majority could be construed too broadly.  I respectfully believe we must be careful not to overreach and that we should limit our holding to the particular facts of this case.

---

[5] Our supreme court recently overruled <u>Cooper</u> to the extent it said probation could be revoked based on a showing of probable cause that a probationer committed a new offense, in conflict with the statutes governing probation that say a probation violation has to be proven by the higher standard of a preponderance of the evidence.  <u>See</u> <u>Heaton v. State</u>, 984 N.E.2d 614, 617 (Ind. 2013).  The juvenile's agreement here was not governed by any statute, however, so the higher burden of proof required by <u>Heaton</u> would not seem to apply in this case.