**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONTA LEGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-279 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1310-MR-65942

**December 10, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case, a sixteen-year-old was tried as an adult and convicted of murder. The defendant requested to be sentenced under the alternative sentencing scheme for juvenile offenders, but the trial court denied the request and sentenced him as an adult. As an issue of first impression, we find that the trial court did not abuse its discretion in finding that the nature of the offense and the character of the offender rendered sentencing under the alternative sentencing scheme unsuitable in this case.

Donta Legg appeals the sentence imposed by the trial court after Legg was convicted of Murder,[1] a felony, and Carrying a Handgun Without a License,[2] a class A misdemeanor. Legg argues that the trial court should have sentenced him under the alternative sentencing scheme applicable to juvenile offenders sentenced as adults and that the sentence is inappropriate in light of the nature of the offense and his character. Finding no error, we affirm.

<u>FACTS</u>

The victim, nineteen-year-old Darren Kirk, lived with his mother, Trisha Kirk, and his two brothers, two-year-old A.K. and seventeen-year-old M.K. On September 20, 2013, someone knocked on their door at approximately 11:00 p.m. Trisha answered the door and saw sixteen-year-old Legg standing on the front porch. Legg was there to see Darren. She called for Darren, who went outside with Legg.

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code § 35-47-2-1.

2

Trisha remained inside until she heard a commotion on the porch. She observed Darren wrestling with a man, who was never identified, and Legg standing next to the porch. M.K. also heard the commotion, ran out onto the porch, and tried to pull the unidentified man off of Darren.

Darren yelled, "He's got a gun. He's got a gun." Tr. p. 67. The unidentified man pulled a gun out of his waistband and handed it to Legg, instructing Legg to "Pop that ni\*\*\*r." Id. at 68. Legg took one or two steps back, raised the gun, and shot Darren once. M.K. stepped back into the house and Darren followed him. Darren stumbled, fell to the ground, and died. Legg fled the scene. On November 3, 2013, the State charged Legg as an adult with murder and class A misdemeanor carrying a handgun without a license. A jury trial was held on February 3 and 4, 2014, and a jury found Legg guilty as charged.

The trial court held a sentencing hearing on March 27, 2014. The trial court found the following aggravating factors: Legg's history as a juvenile offender, his failure to complete probation and a suspended commitment related to his last case, his marijuana abuse, the nature and circumstances of the offense, and the fact that he committed the offense in the presence of children. The trial court found as mitigating circumstances Legg's age, upbringing, and issues with schooling. After weighing aggravators and mitigators, the trial court concluded that they balanced and imposed concurrent executed terms of fifty-five years for murder and one year for carrying a handgun without a

license. The trial court declined to sentence Legg under the alternative sentencing scheme for juveniles tried as adults. Legg now appeals.

DISCUSSION AND DECISION

Legg argues that the fifty-five-year sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." Knapp v. State, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting Chambers v. State, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

An adult who is convicted of murder is eligible for a sentence between forty-five and sixty-five years, with an advisory term of fifty-five years. Ind. Code § 35-50-2-3. Here, Legg was sentenced to the advisory term.

The General Assembly has also provided an alternative sentencing scheme for juveniles who are waived into adult court and convicted as adults. Indiana Code section 31-30-4-2 provides as follows:

> (a)    Subject to subsection (c), if:
>     (1)    an offender is:
>         (A)    less than eighteen (18) years of age;

4

          (B)      waived to a court with criminal jurisdiction under IC 31-30-3 because the offender committed an act that would be a felony if committed by an adult; and

          (C)      convicted of committing the felony or enters a plea of guilty to committing the felony; or

    (2)      an offender is:

          (A)      less than eighteen (18) years of age;

          (B)      charged with a felony over which a juvenile court does not have jurisdiction under IC 31-30-1-4; and

          (C)      convicted of committing the felony by a court with criminal jurisdiction or enters a plea of guilty to committing the felony with the court;

the court may, upon its own motion, a motion of the prosecuting attorney, or a motion of the offender's legal representative, impose a sentence upon the conviction of the offender under this chapter.

(b)     If a court elects to impose a sentence upon conviction of an offender under subsection (a) and, before the offender is sentenced, the department of correction determines that there is space available for the offender in a juvenile facility of the division of youth services of the department, the sentencing court may:

    (1)      impose an appropriate criminal sentence on the offender under IC 35-50-2;

    (2)      suspend the criminal sentence imposed, notwithstanding IC 35-50-2-2 (before its repeal), IC 35-50-2-2.1, and IC 35-50-2-2.2;

    (3)      order the offender to be placed into the custody of the department of correction to be placed in the juvenile facility of the division of youth services; and

    (4)      provide that the successful completion of the placement of the offender in the juvenile facility is a condition of the suspended criminal sentence.

(c)     The court may not impose a sentence on an offender under subsection (a) until:

    (1)      the prosecuting attorney has notified the victim of the felony of the possible imposition of a sentence on the offender under this chapter; and

    (2)      either:

          (A)      the probation department of the court has conducted a presentence investigation concerning the offender and reported its findings to the court; or

> (B)    the department of correction has conducted a diagnostic evaluation of the offender and reported its findings to the court.

(Emphases added).    For reasons explained below, the trial court determined that application of the alternative sentencing scheme is not appropriate in this case.

Turning to the nature of Legg's offenses, we observe that he went to the residence of Darren, a friend, late at night, knocked on the door, and asked Darren to come outside. Legg knew that there were two juveniles inside the house.  Legg's accomplice began physically fighting with Darren and eventually handed a gun to Legg and instructed him to shoot Darren.  Legg complied.  There was a seventeen-year-old present on the porch and a two-year-old present in the house when he shot the weapon.  Legg has continued to refuse to identify his accomplice.  When questioned by the police, Legg repeatedly lied about the events of that night.

As to Legg's character, we note, as did the trial court, his young age at the time he committed these offenses.  But we also note that at the age of sixteen, he had already accumulated four true findings of juvenile delinquency, two of which would have been felonies had he been convicted as an adult.  He had also already failed probation and a suspended commitment.  While Legg had a challenging upbringing, the record reveals that he had multiple extended family members in his life who loved and cared for him. Legg had a learning disability, but the record does not reflect a nexus between that disability and his propensity for breaking the law.  And while Legg struggled in school, part of those struggles stem from his failure to attend on a regular basis.  He has been

6

suspended for failing to attend school and admitted that he "didn't work often" on his school assignments. Presentence Investigation Report p. 8.

Having considered all of the aggravators and mitigators in significant depth, the trial court found as follows: "considering all of those things, both the mitigating circumstances and the aggravating circumstances and your character, conduct, and condition as you sit here today, the Court does not believe that sentencing you under the alternative sentencing statute for juveniles is appropriate in your case." Tr. p. 455. As noted above, the General Assembly has crafted the alternative sentencing statute as a discretionary tool for trial courts. When the alternative sentencing statute applies, as it does here, a trial court may choose to apply it, the necessary corollary being that it may also choose not to apply it.

This appears to be a case of first impression, as we have been unable to find other cases interpreting the alternative sentencing statute. The statute itself offers no guidance regarding when the alternative sentencing scheme should be implemented. It is well established that the purpose of the juvenile justice system is rehabilitation so that the juvenile will not become a criminal as an adult. C.B. v. State, 988 N.E.2d 379, 383 (Ind. Ct. App. 2013). Under certain statutorily delineated circumstances, the juvenile court may waive jurisdiction over a juvenile offender:

> Upon motion of the prosecuting attorney and after full investigation and
> hearing, the juvenile court may waive jurisdiction if it finds that:
> (1)  the child is charged with an act that is a felony:
>      (A)  that is heinous or aggravated, with greater weight given to
>           acts against the person than to acts against property; or

7

(B)    that is a part of a repetitive pattern of delinquent acts, even though less serious;

(2)    the child was at least fourteen (14) years of age when the act charged was allegedly committed;

(3)    there is probable cause to believe that the child committed the act;

(4)    the child is beyond rehabilitation under the juvenile justice system; and

(5)    it is in the best interests of the safety and welfare of the community that the child stand trial as an adult.

Ind. Code § 31-30-3-2. The General Assembly has not provided factors such as these to determine when the alternative sentencing scheme should be implemented, but we find these factors to be instructive. We do not hold that trial courts are required to consider these factors, nor do we hold that the State is required to prove that these factors are in play to warrant the implementation of the alternative sentencing scheme, but these are good examples of the kinds of criteria a trial court may consider in reaching its decision on this issue.

In this case, the trial court explained that the reason it chose not to apply the alternative sentencing scheme was based on the nature of Legg's offense as well as his character. The trial court explicitly found that Legg was charged with a heinous act—murder, in front of a juvenile—and that this act was part of a repetitive pattern of other delinquent acts. Legg was sixteen years old when he committed the act, and he was convicted by a jury. The trial court implicitly found, based upon these facts, that Legg is beyond rehabilitation under the juvenile justice system. Likewise, the trial court implicitly found that the safety and welfare of the community dictate sentencing as an

8

adult. Based upon the facts and circumstances of this case, we find that the trial court did not abuse its discretion by making this decision.

We acknowledge that Legg is a young offender. We also acknowledge that Legg has been faced with many obstacles in his short life. But we must also consider the nature of the crime he committed here. He took the life of another person—a friend—in the presence of that person's family. He has already shown a propensity for skipping school and breaking the law. Under these circumstances, we do not think that the advisory term of fifty-five years is inappropriate in light of the nature of the offenses and Legg's character. Cf. Fuller v. State, 9 N.E.3d 653, 659 (Ind. 2014) (revising a 150-year sentence for a fifteen-year-old who had been convicted of two counts of murder and one count of robbery to concurrent, maximum terms of 65 years for the murder convictions and to a consecutive, enhanced 20-year term for robbery); Brown v. State, 10 N.E.3d 1, 8 (Ind. 2014) (revising a 150-year sentence for a sixteen-year-old who had been convicted of two counts of murder and one count of robbery to concurrent, enhanced terms of 60 years for the murder convictions and a consecutive, enhanced 20-year term for robbery).

The judgment of the trial court is affirmed.

MAY, J., and BARNES, J., concur.