## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ana M. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dyshaun Tyrell Elliott, *Appellant-Defendant,* | October 20, 2016 |
| v. | Court of Appeals Case No. 18A04-1603-CR-560 |
| | Appeal from the Delaware Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Linda Ralu Wolf, Judge |
| | Trial Court Cause No. 18C03-1406-FA-5 |

**Bailey, Judge.**

# Case Summary

Dyshaun Tyrell Elliott ("Elliott") challenges the twelve-year sentence imposed upon his plea of guilty to Dealing in Cocaine, as a Class B felony.[1] He presents the sole issue of whether the trial court abused its sentencing discretion by recognizing improper aggravating circumstances. We affirm.

# Facts and Procedural History

On June 10, 2014, the State charged Elliott with three counts of Dealing in Cocaine, one as a Class A felony, and two as Class B felonies, and one count of Maintaining a Common Nuisance, as a Class D felony.[2] On December 17, 2015, pursuant to a plea agreement with the State, Elliott pled guilty to one count of Dealing in Cocaine, as a Class B felony, and the other charges were dismissed. Sentencing was left to the discretion of the trial court. At the guilty plea hearing, Elliott admitted that he had, on June 3, 2014, delivered cocaine in Delaware County, Indiana.

On February 15, 2016, the trial court sentenced Elliott to twelve years imprisonment, with two years suspended to probation. This appeal ensued.

# Discussion and Decision

---

[1] Ind. Code § 35-48-4-1.

[2] I.C. § 35-48-4-13 [repealed and re-codified at I.C. § 35-45-1-5.]

[4] Indiana Code Section 35-50-2-5 provides that a person convicted of a Class B felony faces a sentencing range of six to twenty years, with the advisory sentence being ten years. In imposing the twelve-year sentence upon Elliott, the trial court recognized as mitigating circumstances: Elliott's guilty plea, family support, remorse, and undue hardship to his children. The trial court recognized as aggravators: Elliott's juvenile adjudications, substance abuse, conduct awaiting trial (including more than 30 violations of rules of incarceration and the revocation of pre-trial home detention), the care and planning involved in the crime, the failure of prior rehabilitative efforts, and the amount of cocaine involved, 21 grams. Elliott argues that the trial court improperly considered dismissed charges, juvenile adjudications, and the degree of care and planning involved.

[5] "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[6] The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons for imposing a particular

sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

[7] Elliott notes that the Pre-Sentence Investigation Report listed as "present offenses" the dismissed Counts 1, 3, and 4. According to Elliott, "it is prejudicial to include these offense[s] when Mr. Elliott only admitted to Count 2 of the Informations," and "the trial court erred when it considered the alleged crimes" as an aggravating circumstance. (Appellant's Br. at 18-19.) The sentencing record does not support Elliott's suggestion that the trial court considered the dismissed charges as a discrete aggravating circumstance. Rather, the trial court observed in its oral sentencing statement that Elliott had received a benefit from having the charges dismissed.[3]

[8] The trial court found that Elliott has a history of juvenile adjudications. Specifically, on June 13, 2007, Elliott was found to have committed an act that would be battery with bodily injury, a Class A misdemeanor if committed by an adult. On March 20, 2009 and on May 25, 2011, Elliott was found to have possessed marijuana, acts that would be a Class A misdemeanor and a Class D felony, respectively, if committed by an adult. According to Elliott, the trial court needed greater specificity as to Elliott's actual conduct. "Without more

---

[3] Also, the trial court recognized the large amount of cocaine, twenty-one grams, as an aggravator. Unless a plea agreement specifically forbids a judge from considering dismissed charges, the trial court may consider circumstances supporting charges which were dismissed as part of a plea agreement. *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013).

information regarding Mr. Elliott's juvenile adjudications, it was inappropriate for the trial court to consider his juvenile record in determining that he had a prior criminal history to enhance his sentence." (Appellant's Br. at 18.)

[9] Elliott directs our attention to *Jordan v. State*, 512 N.E.2d 407 (Ind. 1987), an appeal from the dismissal of a petition for post-conviction relief challenging a juvenile adjudication. In concluding that post-conviction proceedings were unavailable to the petitioner, our Indiana Supreme Court observed that juvenile adjudications do not constitute criminal convictions. *Id.* at 408. The Court further explained:

> The statement, made by the Court of Appeals, that: "…a record of adjudication of juvenile delinquency may be considered as an aggravating circumstance to support enhancement of a criminal sentence," is incorrect. An adjudication of delinquency is not a fact that can be used by a sentencing court to enhance a criminal sentence. Rather, the sentencing court may consider prior criminal conduct or history of criminal activity as an aggravating factor. A juvenile history detailed in a pre-sentence report filed with the trial court may suffice as evidence of a criminal history, and thus constitute an aggravating circumstance. *Sims v. State* (1981), Ind. App., 421 N.E.2d 698, 703. This Court has found the sentencing judge acted properly when he referred to a juvenile record which established that a defendant had a history of criminal conduct and there was a risk that this pattern could continue. *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923. No mention is made of adjudication of delinquency. The aggravating factor being considered is a pattern of criminal activity or conduct from which the sentencing judge may evaluate whether this person might continue the pattern and commit crimes in the future.

*Jordan*, 512 N.E.2d at 410. Elliott properly claims that the appropriate focus is upon conduct as opposed to the adjudication. However, he does not deny that his Pre-Sentence Investigation Report, admitted without objection, provides details of his juvenile history. He has shown no deficiency in the trial court's evaluative process.

[10] Also, the trial court found that there had been "a degree of care and planning involved in the commission of the crime," explaining "[Elliott] coordinated with his supplier as well as his customers to commit the crime of dealing in cocaine." (Tr. at 37.) Elliott points out that the factual basis developed at the guilty plea hearing did not include evidence as to a particular supplier or customer. Generally, the nature and circumstances of a crime may properly be considered to be an aggravator. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Nonetheless, even if a trial court has relied upon an improper factor as an aggravating circumstance, the sentence may be upheld so long as other valid aggravating circumstances exist. *Bacher v. State*, 722 N.E.2d 799, 803 (Ind. 2000). Here, other valid aggravators exist. Elliott, who violated the conditions of his pre-trial home detention and had more than thirty conduct violations during his pre-trial incarceration, received a sentence of two years greater than the advisory sentence. Two years were suspended to probation. Elliott has not demonstrated that the trial court abused its sentencing discretion.

[11] Affirmed.

Riley, J., and Barnes, J., concur.